## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. WEST.

[No. 4,538. Filed February 5, 1904. Rehearing denied May 17, 1904. Transfer denied November 18, 1904.]

1. NEGLIGENCE.—*Contributory.*—*Defense.*—The law of 1899 (Acts 1899, p. 58) making contributory negligence a matter of defense, did not change the duties of a traveler attempting to cross a railroad track. p. 97.

2. RAILROADS.—*Highway Crossings.*—*Failure to Give Signals.*—*Duty of Traveler.*—The fact that a railway train fails to sound the whistle and ring its bell for a highway crossing, is negligence, *per se*, but such failure does not excuse a traveler from using ordinary care in crossing the track. p. 98.

3. SAME.—*Highway Crossing.*—*Degree of Care Required of Traveler.*—The quantum of care required of a traveler in crossing a railway track with which he is familiar, is prescribed as a matter of law, and if there be any physical infirmities, or obstructions of any kind, greater precautions must be used than usual in ordinary cases. p. 99.

4.  RAILROADS.—*Train Visible to Traveler.—Presumption.*—There is a presumption that a person saw and heard an approaching train which he could have seen and heard by the use of ordinary care.    p. 99.

5.  SAME.—*Contributory Negligence of Traveler.*—Where plaintiff's decedent was familiar with the railway crossing on which he was killed, and the headlight of the engine was visible for two and a half miles when decedent approached within 40 feet of the track, and the noise of the train could have been heard for a much farther distance than 40 feet from the crossing, it must be held that plaintiff was guilty of contributory negligence in attempting to cross such track.    p. 100.

From Grant Circuit Court; *E. A. Huffman,* Special Judge.

Action by Joseph A. West against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*W. S. Marshall, G. S. Condo* and *William Paulus,* for appellee.

HENLEY, C. J.—Action by appellee to recover damages for the death of his son, caused by the alleged negligent act of the appellant.

About 2:30 o'clock a. m. on the 2d day of August, 1901, one Frank West was driving north on a highway running through the village of Mier, which said highway crossed appellant's railway track at right angles in said village. The said West was in a rubber-tired, top buggy, drawn by one horse, and, as he passed over appellant's railroad track, was struck by a locomotive and train of cars running at the rate of about thirty-five miles an hour, by which collision he was killed. The servants and employes in charge of the locomotive and train of cars which struck and killed said West did not sound the whistle nor ring the bell in approaching said crossing, as is provided by law that they should do. Appellant's right of way at the crossing is eighty feet wide, and the track on which appellant's train was running is located in the center of the right of way.

Pittsburgh, etc., R. Co. *v.* West.

It is forty feet from the center of the track to the south line of the right of way. Decedent was driving north, and the train that struck and killed him was coming from the west, and the headlight of the locomotive could have been seen by a person approaching appellant's right of way from the south, looking to the west, for a distance of two and one-half miles. There was nothing to prevent decedent from seeing the approaching locomotive and train of cars after he entered upon appellant's right of way. The facts above stated are such as a jury were warranted in finding from both the disputed and undisputed evidence. The evidence concerning the sounding of the whistle and the ringing of the bell was conflicting, but the evidence concerning the surroundings at the crossing where the decedent was killed is not conflicting, nor is the fact disputed that decedent might have seen the approaching train for a long distance had he looked. The jury found specially, by way of answers to interrogatories, that there was no evidence as to whether or not decedent looked for approaching trains before he attempted to cross the railway track; that there was no evidence as to whether or not decedent listened to see if he could hear the approaching train before he drove upon appellant's track. But they found that the locomotive which struck decedent carried a headlight as it approached the crossing which he attempted to cross, and that this headlight could have been seen by decedent, had he looked, at a distance of fifteen rods from the crossing; that decedent could have heard the noise of the approaching train, if he had listened, at any point within forty feet before he reached the railroad track; that decedent was possessed of good eyesight and good hearing, and if he had looked to the west, the direction from which the train was approaching, at any point within forty feet before he reached the track, he could have seen the approaching train.

1. Without considering the questions raised concerning the sufficiency of the complaint filed in this action, but one

question is left for consideration: Is appellee entitled to a recovery under the evidence produced and facts found in this case? The act of February 17, 1899 (Acts 1899, p. 58, §359a Burns 1901), makes contributory negligence a matter of defense. But this act does not in any manner change or abate the duties imposed upon a traveler approaching and attempting to cross a railroad track, as laid down by the decisions of the courts of appeal in this State prior to the passage of that act; nor does that act change or alter the legal presumptions which arise from the surroundings and acts of the injured party.

In *Southern Ind. R. Co.* v. *Peyton* (1901), 157 Ind. 690, the court said, in speaking of this act: "The statute before us does not in any manner excuse or relieve the plaintiff from the consequences of contributory negligence long recognized by the law, nor make the presence of concurrent fault less effective to the defendant in escaping liability."

In *Malott v. Hawkins* (1902), 159 Ind. 127, the court said in speaking of the same act: "This statute can not be held to abate the legal requirements as to the care that a traveler crossing a railroad track must use, and it does not change the rule that it is presumed that the traveler saw and heard, or was heedless of, that which, as an ordinarily prudent man, he ought to have taken notice of."

2. The fact that appellant's conduct in failing to perform the duty imposed upon it by statute to sound the whistle and ring the bell when its locomotive was approaching the crossing is negligence *per se* did not relieve decedent from the duty of looking and listening to ascertain for himself whether or not a train was approaching. *Cincinnati, etc., R. Co.* v. *Butler* (1885), 103 Ind. 31; *Cadwallader* v. *Louisville, etc., R. Co.* (1891), 128 Ind. 518; *Olsen* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149; *Chicago, etc., R. Co.* v. *Thomas* (1900), 155 Ind. 634; *Pittsburgh, etc., R. Co.* v. *Bennett* (1894), 9 Ind. App. 92; *Towers* v. *Lake Erie, etc., R. Co.* (1898),

18 Ind. App. 684; *Cleveland, etc., R. Co.* v. *Heine* (1901), 28 Ind. App. 163.

3. It is also the law that the *quantum* of care required of a traveler approaching and desiring to cross a railroad track at a highway crossing at a place with which he is familiar is prescribed as a matter of law. *Aurelius* v. *Lake Erie, etc., R. Co.* (1898), 19 Ind. App. 584; *Cleveland, etc., R. Co.* v. *Griffin* (1901), 26 Ind. App. 368; *Smith* v. *Wabash R. Co.* (1895), 141 Ind. 92; *Olsen* v. *Lake Shore, etc., R. Co., supra; Lake Erie, etc., R. Co.* v. *Stick* (1896), 143 Ind. 449; *Cincinnati, etc., R. Co.* v. *Duncan* (1896), 143 Ind. 524. And if, on account of "physical infirmities, darkness, snow, fog, smoke, steam, the inclemency of the weather, noise of any kind, buildings or other obstructions or hindrances, it is more difficult to see or hear, greater precautions must be taken." *Olsen* v. *Lake Shore, etc., R. Co., supra; Chicago, etc., R. Co.* v. *Thomas, supra.*

4. The presumption arises that a traveler who was approaching and about to cross a railroad track saw whatever was in the range of his vision had he looked, and heard whatever he might have heard had he listened. *Baltimore, etc., R. Co.* v. *Musgrave* (1902), 24 Ind. App. 295; *Lake Shore, etc., R. Co.* v. *Boyts* (1897), 16 Ind. App. 640; *Baltimore, etc., R. Co.* v. *Talmage* (1896), 15 Ind. App. 203; *Pittsburgh, etc., R. Co.* v. *Fraze* (1898), 150 Ind. 576, 67 Am. St. 377; *Lake Erie, etc., R. Co.* v. *Stick, supra; Smith* v. *Wabash R. Co., supra; Mann* v. *Belt R., etc., Co.* (1891), 128 Ind. 138.

In the case last cited the court said: "The courts can not close their eyes to matters of general notoriety, and matters of everyday observation. We must know that a train of cars passing over iron or steel rails at the speed of thirty miles an hour does not do so without noise. We must know, too, that where a person possessing good eyesight, located within one hundred feet of the track, has

an unobstructed view of such track for a distance of near one-half mile, he can not fail to see an approaching train before it reaches him, if he looks attentively, and that if he is possessed of ordinary hearing he could not fail to hear it when listening attentively, if running at the speed of thirty miles an hour."

5.    It seems to us that but one conclusion can be reached from the evidence and findings of the jury in this case, and that is that decedent might have avoided the collision which resulted in his death.    He was familiar with the crossing, having passed over it almost daily for years.    The headlight on the locomotive which struck and killed him could have been seen by him, when he approached within forty feet of the track, continuously for a distance of two and one-half miles.    He could have heard the noise of the approaching train, if he had listened, when he was forty feet from the track, and must have heard the noise of this train, if he had listened, a much farther distance from the track. It thus affirmatively appears from the evidence that decedent did not use due care to discover the approach of the cars upon appellant's track before he attempted to cross the same, and there can be no recovery.

The judgment of the trial court is reversed, with instructions to sustain appellant's motion for a new trial.