# FORT WAYNE AND NORTHERN INDIANA TRACTION COMPANY *v.* SCHOEFF.

[No. 8,368.    Filed June 26, 1914.]

1. TRIAL.—*Verdict.—Answers to Interrogatories.*—A general verdict for plaintiff is a finding for plaintiff on all the essential averments of the complaint, and is not overcome by the jury's answers to interrogatories unless thereby some essential fact has been found against plaintiff.    p. 542.

2. RAILROADS.—*Crossing Accidents.—Care by Person Approaching Crossing.*—The law requires a person to use ordinary care on approaching a railroad crossing, and, while generally such care does not demand that he look and listen at any precise distance from the crossing, where the vision is obstructed, and he is familiar with conditions, the exercise of such care requires that he look and listen where it will be effective, and in some instances such care would even require him to stop.    p. 544.

3. RAILROADS.—*Highway Crossings.—Duty of Traveler.—Ordinary Care.*—Owing to the peculiar character of the vehicle, there may be instances where the exercise of ordinary care would require

MAY TERM, 1914. 541

Fort Wayne, etc., Traction Co. *v.* Schoeff—56 Ind. App. 540.

the driver of an automobile to stop before attempting to cross a railroad track, while the exercise of such care by the driver of a team would not require stopping. p. 544.

4. RAILROADS.—*Crossing Accidents.—Trial.—Verdict.— Answers to Interrogatories.*—In an action for injuries sustained in a collision with an interurban car at a highway crossing, answers to interrogatories showing that plaintiff approached the crossing in an automobile, that he was familiar with the conditions at the crossing, that he could have seen and heard the approach of the car in time to avoid the injury had he looked and listened at a point not less than five nor more than fourteen feet from the crossing, but that he did not do so, show plaintiff guilty of contributory negligence and are sufficient to overcome the general verdict in his favor notwithstanding other answers may have contradicted each other, or may have shown negligence on the part of defendant. p. 544.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Jacob Schoeff against the Fort Wayne and Northern Indiana Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*George M. Eberhart* and *Barrett & Morris,* for appellant. *Fred H. Bowers* and *Milo N. Feightner,* for appellee.

IBACH, P. J.—Appellee brought this action to recover damages from appellant for personal injuries alleged to have been sustained by reason of a collision, due to appellant's negligence, between one of appellant's cars and an automobile which appellee was driving on a public highway in Huntington County.

In the first paragraph of complaint appellee avers that when approaching the crossing over appellant's tracks he looked and listened for an approaching car and not seeing or hearing one he started to drive over the tracks, when appellant's car negligently running at the rate of fifty miles an hour, without giving any signal, ran into his automobile and injured him. The second and remaining paragraph of complaint is in all essentials similar to the first, but charges in addition that while appellant's servants, driving its car, were approaching the crossing, they saw appellee in a dan-

542    APPELLATE COURT OF INDIANA,

Fort Wayne, etc., Traction Co. *v.* Schoeff—56 Ind. App. 540.

gerous situation in time to have avoided the collision but failed to do so. Issues were joined by answer of general denial to each paragraph of complaint. The jury returned a verdict for $400 in appellee's favor, and with the general verdict returned answers to a number of interrogatories.

Of the errors assigned in appellant's motion for new trial only two are presented for our consideration, that is, error in overruling appellant's motion for judgment in its favor on the answers to interrogatories, and error in rendering judgment for appellee and against appellant. Both of these assignments may very properly be considered together.

By its general verdict the jury has found for appellee on all the essential averments of his complaint, and this verdict must be permitted to stand unless by the answers to

1. the interrogatories some fact necessary to a recovery is found against appellee, in which case the special finding will control the general verdict.

It is insisted by appellant that the answers of the jury to interrogatories show that due care was not used by appellee, and that the injuries received by him were received solely on account of his own contributory negligence. The answers show that the collision in question occurred on September 8, 1911, between five and six o'clock in the evening, and at a public road crossing in Huntington County. The highway crossed appellant's interurban track at nearly right angles, at grade, and for about 1,700 feet west of the crossing, the direction from which the car was moving which collided with appellee's automobile, appellant's track ran in almost a direct line. Appellee frequently, prior to the date of the collision passed over the same crossing and knew that appellant was operating its cars over the crossing every hour of the day. Appellee stopped his car when he was about fifteen feet from the track, or between fifteen and thirty feet. If he had stopped when fifteen feet from the track, he could have seen the car approaching in time to have

MAY TERM, 1914. 543

Fort Wayne, etc., Traction Co. *v.* Schoeff—56 Ind. App. 540.

avoided his injuries. The motorman operating the car was but twenty feet from the automobile when he first discovered appellee about to cross the tracks, when he immediately threw off the power, and set the emergency brake to stop the car, but it was then impossible to stop the car in time to prevent the collision. While approaching the crossing, and when 1,750 feet west therefrom, the motorman signalled his approach by giving two long and two short blasts of the whistle. At the point where appellee stopped his automobile for the purpose of looking for the approach of a car on appellant's track, it was not possible for him to have ascertained the approach of the car. He was prevented from seeing the approaching car from the point where he stopped because of a field of growing corn on the west side of the highway. If he had stopped his automobile at any point between five and fourteen feet south of the south rail of appellant's tracks, he could have seen and heard the approaching car in time to have prevented his injuries.

Interrogatory No. 43 is, "Could plaintiff with his automobile, if he had approached said crossing at a reasonable rate of speed, have seen said car approaching in time to have avoided the receipt of his alleged injuries and damage to his automobile?" A. "Yes." Interrogatory No. 55 is, "At the point where you find plaintiff stopped his said automobile for the purpose of listening for the approach of a car on defendant's track, could he have heard the approach of a car on defendant's said track?" A. "Yes." By interrogatory No. 56 it is found that he stopped the automobile but once to ascertain if a car was approaching on appellant's track. Interrogatory No. 57 is, "Did plaintiff when operating his automobile on said public highway before attempting to cross defendant's interurban railroad track, at a time and place where he was in safety, stop his automobile where he could by looking and listening ascertain the approach of defendant's car, which he alleges caused his injuries and damages?" A. "No."

The law requires persons about to cross railway crossings to use ordinary care to avoid injury. The exercise of ordinary care will not require one to look and listen at

2. any precise distance from the crossing, yet, in instances where vision is obstructed, and one is familiar with conditions, he is required to use reasonable care to select a place to look and listen where the looking and listening will be effective, and in some instances to stop. *Malott v. Hawkins* (1902), 159 Ind. 127, 134, 63 N. E. 308; *Pittsburgh, etc., R. Co.* v. *West* (1904), 34 Ind. App. 95, 99, 69 N. E. 1017; *Cleveland, etc., R. Co.* v. *Heine* (1902), 28 Ind. App. 163, 167, 62 N. E. 455. Owing to the peculiar character of his vehicle, the noise which it produces and the

3. fact that it may be stopped close to a railroad track in safety, there may be instances where the exercise of ordinary care would demand that the driver of an automobile stop before crossing, while the exercise of the same care would not require that the driver of a team, whose horses may be frightened by the train, stop before crossing. *New York, etc., R. Co.* v. *Maidment* (1909), 168 Fed. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794, note; *Brommer* v. *Pennsylvania R. Co.* (1910), 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924, note; *Wachsmith* v. *Baltimore, etc., R. Co.* (1912), Ann. Cas. 1913 B 680, note.

The jury has found that appellee was fully acquainted with the conditions surrounding the crossing in question. He passed over it an average of two times each week,

4. and must have known of the presence of the growing corn west of the highway. It also finds that if he had looked from a point not less than five nor more than fourteen feet from the south rail of the crossing, he could have seen and heard the car in time to avoid the injury. That from a point fifteen feet from such rail the car could have been seen for 300 feet.

We are satisfied that the general verdict is overcome by the answers to the interrogatories by which it is shown that

MAY TERM, 1914. 545

Fort Wayne, etc., Traction Co. *v.* Schoeff—56 Ind. App. 540.

appellee was guilty of contributory negligence. It may be admitted that the answers of the jury show that the motorman sounded the signal of the approach of the car only when about 1,750 feet from the crossing, which by its general verdict it may have found was negligence, and there is no answer which precludes the finding by the general verdict that the car was operated at a negligent rate of speed, but this will not aid appellee, since it is found that he was guilty of negligence contributing to his injury. It may also be admitted that some of the less important answers are in conflict with each other, and yet sufficient remain to clearly show a failure on appellee's part to look and listen for the approaching car at a place where such looking and listening would avail to avoid a collision, and that he looked and listened at a place where it is apparent that he knew he could not see appellant's tracks or the approach of a car thereon, where his looking and listening would be unavailing, and that if he had approached the track at a reasonable rate of speed he would have avoided the injury. Or, if effect be given to the interrogatories which hold that he stopped about fifteen feet from the track, and which say that at fifteen feet from the track he could have seen the car, then he must be held to constructive knowledge of its presence.

From the facts found we are satisfied that appellee, if he had acted with ordinary care and caution both as to looking and listening at some advantageous point, and had approached the crossing at a reasonable rate of speed, would have avoided his injury, but he apparently ignored an important duty which the law imposed upon him, and this conduct must prevent a recovery. Judgment reversed with instructions to the trial court to render judgment for appellant on the answers to the interrogatories, notwithstanding the general verdict.

NOTE.—Reported in 105 N. E. 924. As to contributory negligence of persons approaching track and failing to look for coming trains, see 51 Am. Rep. 360. As to accidents to automobiles at railroad

crossings, see Ann. Cas. 1913 B 680. As to the care required of driver of automobile at railroad crossing, see 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702; 24 L. Ed. U. S. 403. As to the duty of a traveler approaching railway crossing as to place and direction of observation, see 37 L. R. A. (N. S.) 135. See, also, under (1) 38 Cyc. 1901, 1869, 1937; (2) 33 Cyc. 981, 1012, 1010; (3) 33 Cyc. 1010; (4) 33 Cyc. 1142.