CHICAGO, INDIANA AND SOUTHERN RAILROAD COMPANY
v. NIEZGODSKI.

[No. 9,499.  Filed February 1, 1918.]

1. RAILROADS.—*Crossing Accidents.—Instructions.—Negligence.— Contributory Negligence.—Duty to Stop, Look and Listen.*—In an action against a railroad company for damages to an automobile in a crossing accident, where the complaint alleged that defendant kept a watchman at the crossing, but that he gave plaintiff no warning of an approaching train, an instruction that, while a traveler in crossing a railroad is bound to look and listen for approaching trains, it is his duty to stop to look and listen only when circumstances require it, and that "it was the duty of plaintiff under the law to look and listen for the approach of the train before going upon the track where he was injured, and if by reason" of certain obstructions "looking and listening was thereby rendered difficult and a reasonably prudent man under the circumstances would have stopped to look and listen, it was his duty under the law to do so, and in such case, if he failed to stop to look and listen, his failure to do so was negligence under the law" and he could not recover, would have been misleading and was properly refused, since the instruction made no reference to the situation as affected by the presence of the watchman and his conduct.  pp. 560, 561.

2. RAILROADS.—*Crossing Accidents.—Collision with Automobile.— Contributory Negligence.*—In an action for damages to an automobile resulting from a collision with defendant's train, if plaintiff's failure to stop his automobile before proceeding across the railroad crossing did not proximately contribute to the collision, it would not bar recovery.  p. 561.

3. RAILROADS.—*Crossing Accidents.—Burden of Proof.—Negligence. —Contributory Negligence.—Instruction.*—In an action for damages to an automobile sustained in a collision with a railroad train on a highway crossing, an instruction that the burden was

on plaintiff to prove some act of negligence charged in the complaint, that the same was the proximate cause of the injury alleged, and that plaintiff was free from contributory negligence contributing to the injury, stated a correct proposition of law. p. 562.

4. APPEAL.—*Review.*—*Refusal of Instruction.*—It is not error to refuse a requested instruction, though it states a correct proposition of law, where its substance and meaning is embodied in other instructions given. p. 562.

From LaPorte Circuit Court; *James L. Gallaher,* Judge.

Action by John Niezgodski against the Chicago, Indiana and Southern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*VanFleet, Hubbell & Dinnen,* for appellant.

*W. A. Grzesk, Hickey & Wolfe* and *Slick & Slick,* for appellee.

FELT, J.—This is an appeal from a judgment in appellee's favor for $600, awarded against appellant as damages occasioned by a collision of one of appellant's trains with appellee's automobile.

The complaint charges that appellant's tracks cross Division street in the city of South Bend; that said tracks run north and south and said street east and west; that immediately north of Division street, along said tracks, there is a lumber yard, and at the time of the accident herein stated it contained piles of lumber and sheds which obstructed the view of persons going west on said street, as they approached said crossing; that on October 20, 1913, appellee approached said crossing, going west on said street, in an automobile driven by him; that because of said obstructions appellee was unable to see any train approaching from the north; that for two years prior to said date appellant had kept a watchman at said crossing at all

times, whose duty it was to warn travelers on said street of trains approaching said crossing on the tracks aforesaid, which fact was known to appellee at and prior to the time aforesaid; that as appellee approached the crossing he looked and saw the flagman or watchman standing at the crossing, and thereupon drove his automobile carefully along said street toward the crossing, and said watchman gave no warning of an approaching train; that relying on the fact that the watchman gave him no signal or warning of an approaching train he drove his automobile cautiously to a point within a few feet of said tracks; that without appellee having any knowledge thereof there was at the time, on said tracks, a train of thirteen box cars backing towards said crossing from the north; that appellant's servants in charge of said train and its said watchman negligently failed to give any warning or signal of its approach to said crossing; that appellee discovered said train for the first time when he was within about twenty feet of the tracks; that said train of cars approached the crossing at a high and dangerous rate of speed of twenty-five miles per hour, and he could not cross the tracks without a collision, and he thereupon immediately deflected his automobile to the south, put on the brakes, and made every effort within his power to stop the same, but was unable to do so before it reached the tracks, where it was struck by said train, wrecked, and demolished to his damage in the sum of $600; that appellant negligently approached said crossing with said train of cars as aforesaid, and negligently backed the same against appellee's automobile, and wrecked it, without any fault on his part.

The only error assigned and relied on for reversal is the overruling of appellant's motion for a new trial.

The cause for a new trial relied on is the refusal of the court to give the jury instructions Nos. 10, 11 and 18 tendered by appellant.

Instruction No. 10 so tendered and refused is as follows: "No. 10. While a traveler in crossing a railroad crossing upon a highway is bound to look and listen for approaching trains, he is not bound in all instances as a matter of law to stop to look and listen. It is his duty to stop to look and listen if the circumstances require it. If it is necessary to make looking and listening effective it is his duty to stop to do so. So in this case it was the duty of plaintiff under the law to look and listen for the approach of the train before going upon the track where he was injured, and if by reason of obstruction on the north side of Division street and east of the crossing looking and listening was thereby rendered difficult and a reasonable prudent man under the circumstances would have stopped to look and listen, it was his duty under the law to do so, and in such case if he failed to stop to look and listen his failure to do so was negligence under the law and he cannot recover and your verdict must be for the defendant."

The court did not commit reversible error in refusing to give instruction No. 10 as tendered.

The averments of the complaint with reference to the watchman at the crossing, appellee's previous knowledge thereof, the fact that the watchman was at the crossing when appellee approached, and his conduct at the time, as shown by the evidence, should be kept in mind in considering the court's refusal to give the instruction.

The complaint makes a case where appellee was in a measure lured into a dangerous situation, and his conduct just before and at the time of the collision

must be considered in the light of such averments and the evidence bearing thereon.

Instruction No. 10 refers to the obstructions and the consequent difficulties of ascertaining the approach of a train from the north, but makes no reference to the situation as affected by the presence of the watchman and his conduct. In this form it was well calculated to mislead or confuse the jury, because of the uncertainty of its meaning and application.

Furthermore, in the concluding portion of the instruction the jury was told that if under the circumstances an ordinarily prudent man would have stopped, and appellee did not stop, his failure so to do was negligence, which compelled a verdict for the defendant.

2. If appellee was negligent as indicated, his negligence would not necessarily debar him from a recovery, if appellant's negligence was the proximate cause of the collision, and appellee's failure to stop, though negligent, did not proximately contribute to the collision and injury.

1. While in many situations this phase of the law might be left to other instructions, yet in view of the mandatory conclusion of instruction No. 10 and the issues and evidence, as above indicated, the instruction would have been more appropriate and less liable to mislead or confuse the jury had it embraced the idea that appellee's negligence, if any, to defeat a recovery, if he was otherwise entitled to a verdict, must have contributed to the collision which caused the damage complained of. *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 222, 101 N. E. 500 *et seq.; Mayer* v. *Mellette* (1917), 65 Ind. App. 54, 114 N. E. 241, 243; *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 449, 99 N. E. 1005; *Chi-*

*cago, etc., R. Co.* v. *Prohl* (1916), 64 Ind. App. 302, 115 N. E. 962, 966.

By instruction No. 11 the jury was told in substance that the driver of an automobile might be required to stop to look and listen where the driver of a horse-drawn vehicle would not be required so to do; that appellee's conduct in failing to stop to look and listen should not be judged by the same standard "that you would judge the conduct of a driver of a horse-drawn vehicle under the same circumstances."

In its reply brief appellant states that under the law as announced by the Supreme Court since its original brief was prepared, this instruction was properly refused. *Pittsburgh, etc., R. Co.* v. *Dove* (1915), 184 Ind. 447, 111 N. E. 609, 611. See also *Fort Wayne, etc., Traction Co.* v. *Schoeff* (1914), 56 Ind. App. 540, 544, 105 N. E. 924; *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 525, 90 N. E. 76; *Indianapolis Street R. Co.* v. *Taylor* (1904), 164 Ind. 155, 160, 72 N. E. 1045.

Appellant also complains of the court's refusal to give instruction No. 18 tendered by it. This instruction in substance told the jury that the burden was on the plaintiff to prove some act of negligence charged in its complaint, and that the same was the proximate cause of the injury alleged, and that the burden of proving plaintiff's freedom from negligence which contributed to the alleged injury was also on appellee.

3.

The suit being for an injury to property, the instruction stated a correct proposition of law. However, its refusal was not reversible error because the court gave its substance and meaning to the jury in instructions Nos. 1 and 3 given of its own motion.

4.

We find no reversible error.
Judgment affirmed.

NOTE.—Reported in 118 N. E. 559. See under (1) 33 Cyc 1141;
(2) 33 Cyc 987. Law of automobiles, generally, 108 Am. St. 212.
Railroads, crossings, duty of travelers, 9 Am. Dec. 780.