CALAHAN, by guardian *ad litem,* Respondent, vs. MOLL, Appellant.

*March 25—April 13, 1915.*

*Automobiles: Collision: Injury to boy on bicycle: Negligence: Contributory negligence: Law of the road: Stipulations: Instructions to jury.*

1. In an action for injuries to a boy who, while riding a bicycle, was struck by defendant's automobile at a point about thirty feet from a street corner, evidence tending to show that defendant had, at a high rate of speed, turned close to the corner on the wrong side of the street and where his view was obstructed, warranted the jury in finding him negligent.

2. It appearing that the collision occurred within three seconds from the time the parties came within sight of each other, that both made a sudden see-saw effort to avoid it, and that plaintiff was on the right side of the street and was not riding at a dangerous rate of speed, a finding acquitting him of contributory negligence was warranted.

3. A stipulation advisedly made by counsel at the trial as to the law of the road in the city where an accident occurred is held binding, and an instruction to the jury in accordance therewith was proper.

APPEAL from a judgment of the circuit court for Portage county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Action for personal injury sustained by being struck by defendant's automobile. About 12:30 o'clock, noon, of June 11, 1912, plaintiff, a boy fifteen years of age, was struck by defendant's automobile in Wausau near the center of Third avenue about fifteen feet south of its intersection with the south curb line of Stewart avenue extended. Third avenue runs north and south. Stewart avenue runs east and west. Plaintiff had been fishing and was returning north on Third avenue on a bicycle with a sixteen-foot bamboo fish pole attached thereto. He was riding about one and one-half or two feet east of the east rail of the car track at a speed of about five or six miles per hour. Defendant was going west on Stewart avenue at a speed of from ten to twenty miles per hour, made a turn into Third avenue, cutting the southeast corner short, and struck plaintiff at a point about thirty feet southwest from the corner, near or on the east rail of the single car track in the center of Third avenue.

The jury found (1) that defendant was negligent in the operation of his car; (2) that such negligence was the proximate cause of plaintiff's injury; (3) that the latter was not guilty of contributory negligence; and (4) assessed his damages at $900. The court reduced the damages to $600, and from a judgment entered in favor of plaintiff for that amount, with costs, the defendant appealed.

*Geo. B. Nelson,* for the appellant.

For the respondent there was a brief by *Regner & Ringle,* attorneys, and *W. E. Fisher,* of counsel, and oral argument by *Mr. Fisher.*

VINJE, J. Upon the trial it was stipulated between counsel for the respective parties that the law of the road in Wausau required the defendant to travel on the north side of Stewart avenue and pass to the west side of Third avenue

before turning south so that no portion of his automobile would be on the east side of the center line of Third avenue and south of the center line of Stewart avenue while or after turning. The chief contest upon the evidence as to defendant's negligence was as to his speed and place of turning. Plaintiff's evidence was to the effect that defendant was proceeding at a rate of speed of from fifteen to twenty miles an hour, and that he turned south before passing the center line of Third avenue. In fact he turned so short that he ran over a catch-basin located near the curb in the southeast corner of the intersection of the two avenues. On this corner close up to the sidewalk line and not more than thirteen feet from the curb on each avenue stood the Park Hotel building, obstructing the view south on Third avenue to one approaching it from the east on Stewart avenue. Turning as he did from north of the center of Stewart avenue, he followed a straight diagonal line, touching the catch-basin near the corner, to the center of Third avenue, where the collision took place, and for that reason there was no need of slowing up to make the corner after the turn he made northeast of it on Stewart avenue. Defendant's testimony is to the effect that he proceeded at a speed not to exceed eight or ten miles an hour and that he gave the corner a wide clearance, in fact turned west of the center line of Third avenue. He says he saw plaintiff at a distance of 200 feet south on Third avenue when he first turned the corner. Defendant must be mistaken in his estimate, for even if he turned north of the center of Stewart avenue, which is thirty-six feet wide between curbs, he was only about forty or forty-five feet from the point of collision. Conceding his speed to be only eight miles per hour and the plaintiff's the same, which is the most favorable estimate for defendant that the evidence will permit, they would have met about fifty-five feet further south. Upon the evidence the jury were warranted in finding that the defendant turned the corner so closely that he ran over

the catch-basin and that he did so at a high rate of speed.    If he did so, they were justified in predicating negligence upon it.    Turning close to a corner at a high rate of speed where the view is obstructed is negligence, and especially so where the turning is on the wrong side of the street.    So there is abundant testimony to sustain the finding that defendant was negligent.

It is earnestly urged that the court should say, in spite of the finding of the jury to the contrary, that the plaintiff was guilty of contributory negligence.    This claim is based mainly upon the fact that the plaintiff said he first saw the defendant turning the corner when he, plaintiff, was about midway between the railroad crossing, which is about 134 feet south of Stewart avenue, and Stewart avenue, and therefore he had ample time and space in which to avoid defendant by turning to the right.    It is quite apparent from the evidence that plaintiff was much nearer the corner when he first saw defendant turn.    This is testified to by other witnesses who saw both parties and it is practically demonstrated by the physical facts.    There is no dispute but that the collision took place about thirty feet southwest of the catch-basin.    If plaintiff was only midway between the railroad track and the corner when he first saw defendant, then he was considerably further from the point of collision than defendant was.    Yet the evidence is quite conclusive that defendant traveled at a much greater rate of speed than did plaintiff.    In any event the accident occurred within three seconds or less from the time they came within sight of each other, and the evidence shows that both made a sudden seesaw effort to avoid a collision, as is often done in an emergency.    Considering that plaintiff was on the right side of the street and was not proceeding at a dangerous rate of speed, and that he had such a short time in which to avoid a collision, we cannot say the finding acquitting him of contributory negligence was wrong.

Defendant complains of error in instructions to the effect that it was his duty to proceed to the west side of Third avenue before turning south.   We need not consider the correctness of these instructions tested by statutes or by judicial decisions, since the parties stipulated such was the law of the road in Wausau at the time of the accident.   The stipulation was advisedly made, was in accordance with the facts as certified to by the trial judge, and is binding upon the parties. Counsel for defendant upon this appeal did not represent defendant below.

*By the Court.*—Judgment affirmed.