City of Indianapolis v. Pell—62 Ind. App. 191.

---

### CITY OF INDIANAPOLIS v. PELL.

[No. 8,798. Filed January 11, 1916. Rehearing denied April 25, 1916.
Transfer denied June 2, 1916.]

1. APPEAL.—Scope of Review.—Evidence.—On appeal, the error
urged by appellant being the action of the trial court in giving
an instruction which took the question of contributory negligence
away from the jury, the court can consider only the evidence
that tends to show contributory negligence, as it is never the
province of the court to weigh conflicting evidence. p. 194.

2. NEGLIGENCE.—Defect in Street.—Personal Injuries.—Contributory
Negligence.—Evidence.—Where the evidence was that the plaintiff
who was fifteen years of age, was familiar with the surroundings of
the locality where she was injured; that she was struck and hurt
by an automobile traveling at a speed somewhat less than eight
miles per hour; that one who accompanied her escaped injury;
that the injury was inflicted some distance from where plaintiff
first observed the approach of the machine; and there was some
evidence tending to show that she ran around and in front of the
machine, held, that there was some evidence from which contri-
butory negligence on the part of the plaintiff might reasonably have
been inferred, and it was erroneous for the trial court to give an in-
struction taking away from the consideration of the jury such
question of contributory negligence. p. 195.

3. NEGLIGENCE.—Contributory Negligence.—Degree of Care Required.
—One confronted by a sudden peril, occasioned by the negligence of
another, is not required to exercise that degree of care which a
person is obliged to exercise under other circumstances, but is
only required to act with that degree of care which an ordinarily
prudent person would have exercised under like conditions. p. 195.

4.   APPEAL.—*Review.*—*Record.*—Where counsel for the defendant, in the opening statement of facts to the jury, said that there was no question of contributory negligence in the issues, although such a defense was subsequently interposed, such statement, not having been presented in any way by the record, can not be considered on appeal, as the cause must be tried by the record alone.   p. 195.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Pearl Pell, by her next friend, Charles Pell, against the City of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William A. Pickens, Fred E. Barrett, Roy W. Adney* and *J. W. Hornaday,* for appellant.

*Wm. S. Canfield, Walter L. Carey, Thomas J. Karnes, Samuel R. Artman* and *William H. Smith,* for appellee.

SHEA, J.—Appellee, by her next friend Charles Pell, brought this action against appellant to recover damages for personal injuries alleged to have been caused by a defect in one of the streets of appellant city.   The cause was taken on a change of venue to the Boone Circuit Court, where a trial resulted in a verdict and judgment in favor of appellee for $1,500.

It is assigned that the court erred in overruling appellant's motion for a new trial.   The sole alleged error is the giving of instruction No. 1 by the court on its own motion, in which the question of contributory negligence on the part of appellee was taken from the jury.

It is insisted on behalf of appellant, and not controverted by appellee, that if there was evidence introduced in the case from which the jury might reasonably have inferred contributory negligence on the part of appellee, the instruction was erroneous. If, on the other hand, there was no such evidence, no error was committed.

It is disclosed by the evidence, in substance, that appellee was injured while at the intersection of South Meridian street, running north and south, and Adler street, running east and west, in the city of Indianapolis. At the time of the accident there was a street railway track in Meridian street, from which a spur or "Y" extended east about one hundred feet into Adler street. There was a cement sidewalk ten feet wide on the east side of Meridian street adjoining the property line, and a similar sidewalk five feet six inches wide on the north side of Adler street adjoining the property line. Immediately joining, and flush with these two sidewalks, was a frame building known as Brady's store. At a point a short distance east of the property line of South Meridian street, and immediately north of the north rail of the "Y" in Adler street was a dangerous hole, about eight to ten inches deep, two and one-half to three feet long, and one and one-half to two feet wide, which had existed for fifteen years, worse at some times than others, especially bad in wet weather, and of which appellant's superintendent of streets had actual notice for four years prior to appellee's injury. On the afternoon of June 21, 1912, John W. Berry was driving an auto truck west in Adler street on the north side of the north rail of the "Y," intending to turn south into Meridian street, on the east side of the street car track. When he attempted to turn south, the front wheel dropped into the hole, the steering gear was torn from his hold, and the truck followed the curve of the "Y" to the northwest over the cement sidewalks on the north side of Adler street and the east side of Meridian street, the wheel of the truck coming within thirteen inches of the building. Appellee at that time, in company with one Gertrude Greenwood, was walking south

on the east sidewalk of Meridian street, returning home from work about 4:30 p. m. Just as they stepped past the corner of the building at the northeast corner of the intersection of Meridian and Adler streets, the truck came upon them without any warning. Appellee attempted to escape it, but was struck and run over.

In determining this question, the court should consider only the evidence, if any, that tended to show the contributory negligence of appellee, 1. and should give no consideration to evidence that tended to show freedom from contributory negligence, as it is never the province of this court to weight conflicting evidence.

It is shown in evidence that appellee was fifteen years of age, and was familiar with the situation and surroundings of the place where she met with the injury; that the automobile was traveling at a speed of about eight miles per hour at the time it went into the hole in the street. It may be reasonably inferred that its speed was somewhat retarded by contact with the railroad tracks and the curb of the sidewalk. It was also shown that the young lady that accompanied appellee wholly escaped injury. There is evidence tending to show that appellee's injury was inflicted while she was some distance from the sidewalk in Meridian street, and some distance from where she first observed the approach of the machine. There is some evidence tending to show that she ran around and in front of the machine, and it is argued that if she had taken one step backward, or had gone in any other direction from the one in which she did go, she would have escaped injury.

It is the judgment of this court that there is some evidence from which contributory negligence

upon the part of appellee might be reasonably inferred. *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 433, 103 N. E. 20; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899; *Pittsburgh, etc., R. Co.* v. *Cozatt* (1907), 39 Ind. App. 682, 690, 79 N. E. 534.

It is too well settled to be argued that when a person is confronted with sudden peril, occasioned by the negligence of another, he is not required to exercise that degree of care which a person is obliged to exercise under other circumstances, but is only required to act with that degree of care which an ordinarily prudent person would have exercised under like conditions. But as to whether appellee in this case acted with such care was a question that should have been submitted to the jury under proper instructions. *McIntyre* v. *Orner* (1906), 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.), 1130, 117 Am. St. 359, 8 Ann. Cas. 1087; *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442; 99 N. E. 1005; *Louisville, etc., Traction Co.* v. *Worrall* (1909), 44 Ind. App. 480, 86 N. E. 78; Thompson, Negligence §§196, 197, 2927.

It was suggested in the oral argument that if error could be predicated upon the giving of the challenged instruction, it was invited, or waived, by appellant's learned counsel, who tried the cause in the court below, inasmuch as it was stated in argument that counsel in the opening statement of facts to the jury said, among other things, that there was no question of contributory negligence in the issues. However, the record does not present this question, as the instruction itself makes no reference to counsel's admissions; neither does it show that counsel's statements were

copied into the record. However much this court might be inclined to hold counsel and parties to their admissions made in open court, under the well settled rule in this court, the cause must be tried by the record and not otherwise. · Elliott, App. Proc. §186. For the error in giving the instruction the judgment is reversed, and a new trial ordered.

NOTE.—Reported in 111 N. E. 22. Rights and duties of pedestrians and of persons driving automobiles in highways, 4 Ann. Cas. 400, 13 Ann. Cas. 463; 21 Ann. Cas. 652. Liability of municipal corporations for defective streets, 103 Am. St. 257. See under (2) 28 Cyc 49; (3) 29 Cyc 521; (4) 4 C. J. 520, 532; 3 Cyc 155, 164.