### MAYER *v.* MELLETTE.

[No. 9,111.   Filed November 28, 1916.   Rehearing denied March 16, 1917.   Transfer denied June 20, 1917.]

1. APPEAL.—*Review.*—*Verdict.*—*Presumptions.*—In an action for damages sustained in an automobile collision at a street intersection, in the absence of a finding that plaintiff knew, at the time she saw defendant approaching, that he was driving recklessly, it will be assumed, if necessary to support the general verdict in plaintiff's favor, that she acquired such knowledge when defendant's car reached a point near her own, thus creating an emergency involving a possible collision and her own safety.   p. 59.

2. MUNICIPAL CORPORATIONS. — *Streets.* — *Priority of Right to Use at Street Intersections.* — The driver of an automobile,

much closer to a street intersection than another driver, apparently had the right of way, there being no ordinance or regulation to the contrary, and, in the absence of an indication that it was imprudent to do so, she was authorized to go forward. p. 59.

3. MUNICIPAL CORPORATIONS.—*Streets.*—*Use at Intersections.*—*Right of Parties.*—Although it is the general rule that when two automobiles are approaching a street crossing the one nearest thereto has the right of way, if the situation is such as to impress a reasonably prudent person that a collision will occur unless the driver having the right of way stops his car, it is his duty to do so rather than to enter the intersecting street. p. 59.

4. NEGLIGENCE.—*Collision on Streets.*—*Contributory Negligence.*—*Sudden Peril.*—*Care Required.*—Where one about to drive an automobile into a street intersection is suddenly confronted with the peril of an impending collision with another car driven at a negligent and reckless rate of speed, he is not guilty of contributory negligence if his conduct under the circumstances and in view of the emergency is that of a person of ordinary prudence. p. 60.

5. NEGLIGENCE.—*Collision on Streets.*—*Contributory Negligence.*—*Jury Question.*—In an action for injuries to the driver of an automobile sustained in a collision at a street intersection, answers to interrogatories showing that plaintiff, a woman, was driving west toward the crossing and that defendant's car was being driven north toward the same, that when plaintiff was about to turn into the intersecting street at a speed of eight miles an hour she looked to the north and saw defendant's car about 100 feet away approaching the crossing at a speed between thirty-five and forty miles an hour, that plaintiff began to turn southward as she entered the cross street, and, in attempting to avoid a collision with the other car, increased the speed of her automobile and ran into a telephone pole, present a case for the jury on the issue of contributory negligence. p. 60.

6. NEGLIGENCE.—*Collision on Streets.*—*Evidence.*—*Sufficiency.*—In an action by an automobile driver for damages resulting from a collision with a telephone pole, alleged to be due to the negligence of the driver of another car, evidence showing that as plaintiff, a woman, was proceeding toward a street crossing from the east at a speed of eight miles an hour she saw defendant about 100 feet southward approaching the intersection at a speed of thirty-five to forty miles an hour, that defendant's car was headed directly toward that of plaintiff as she was making the turn into the cross street, that plaintiff, in an

attempt to avoid a collision, increased the speed of her car and drove it into a telephone pole, and that immediately thereafter defendant returned and assumed responsibility for the accident, stating that he was driving too fast, is sufficient to sustain a verdict for plaintiff.  p. 61.

7. MUNICIPAL CORPORATIONS.—*Streets.—Use at Intersections.— Negligence. — Violation of Statute or City Ordinance. —* One driving an automobile across a street intersection at a speed of eight miles an hour in violation of §10465 Burns 1908, Acts 1907 p. 558, or an ordinance of the city of Indianapolis, is guilty of negligence.  p. 63.

8. MUNICIPAL CORPORATIONS.—*Collision on Streets.—Proximate Cause.—Violation of Statute or Ordinance.—*Where plaintiff, driving an automobile, negligently crossed a city street intersection at a speed of eight miles an hour in violation of both a statute and a city ordinance, it does not conclusively follow that such violation was the proximate cause of plaintiff colliding with a telephone pole in attempting to avoid being struck by defendant's car, where the position of plaintiff's automobile at the time of the accident would not have been substantially different had she proceeded at the rate of speed fixed by the statute or ordinance.  p. 63.

9. APPEAL.—*Review.—Refusal of Instructions.—*Where plaintiff drove her automobile across a street intersection at a speed of eight miles an hour, while defendant approached the crossing in his car at a speed of forty miles an hour, both drivers violating a statute and a city ordinance regulating the speed of automobiles, and, in attempting to avoid a collision with defendant's car, plaintiff drove her machine into a telegraph pole, it was not error for the court to refuse a requested instruction that plaintiff's violation of the statute and ordinance was negligence, and there could be no recovery if it proximately contributed to the injury, where the jury was warranted in finding that plaintiff was placed in a position of imminent peril by reason of defendant's negligence and reckless driving, since, in such a case, plaintiff was not guilty of negligence, though she violated the speed regulation, if her conduct under the circumstances was that of a person of ordinary prudence.  p. 64.

From Marion Superior Court (90,772) ; *Clarence E. Weir,* Judge.

Action by Edna Mellette against Edward L. Mayer. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Taylor, Carter & Wright,* for appellant.

*Russell Willson* and *Romney L. Willson,* for appellee.

CALDWELL, J.—Appellee's complaint is in substance as follows: About ten o'clock on the morning of May 25, 1912, she was driving a small automobile westward along the north side of Twenty-fifth street, approaching its intersection with Delaware street in the city of Indianapolis, intending to turn south into and along the latter street. At the same time appellant was driving a large automobile northward along the center of Delaware street, approaching its intersection with Twenty-fifth street, and intending to drive thence north along the former street. Appellee having reached the center of Delaware street, was in the act of making a turn southward to reach the west side of the street whereupon appellant approached, driving his car at the negligent and unlawful speed of twenty-five miles per hour, and as a consequence appellee was unable to complete the turn, but to escape a collision was compelled to, and did, accelerate, as her car was headed southwest, and as a result her car was driven into contact with the curb and a telephone pole standing at the southwest corner of the intersection, whereby appellee's car was damaged, and she suffered certain physical injuries specifically described in the complaint.

The complaint charges appellant with negligence in speed, and in failing to turn his car to the east side of the street. The sufficiency of the complaint is not questioned. Answers having been filed and the case brought to issue, a trial resulted in a verdict in appellee's favor for $700, on which judgment was rendered.

Appellant urges that the court erred in overruling his motion for judgment on the answers returned by the jury to interrogatories submitted. These answers disclose the following facts: Twenty-fifth street is twen-

ty-four feet wide from curb to curb and fifty feet wide from property line to property line. The corresponding dimensions of Delaware street are thirty feet and fifty feet, and both streets are in a closely built up section of the city. A brick storeroom extended to each property line at the northeast corner of the intersection. The front wall of a dwelling house at the southeast corner of the intersection extended to within twenty-eight feet and its front porch to within twenty feet of the Delaware street curb. Appellee's speed approaching Delaware street along the north side of Twenty-fifth street was about twelve miles per hour. On entering the latter she reduced her speed to eight miles per hour. Immediately after passing the line of the porch, she saw appellant's car approaching at a point about 100 feet south of Twenty-fifth street. There was nothing to prevent her from seeing it continuously thereafter until it passed in front of her car. It passed, however, to the rear or east of her car, colliding with it slightly. Appellee began to make the turn southward as she entered Delaware street rather than after she reached the center, and having commenced to make the turn, she did not thereafter change the course of her car, made no effort to stop it, and thereby avoid colliding with the pole that stood a few feet southwest of the southwest corner of the intersection, but, on the contrary, accelerated and ran into the pole, and thereby damaged her car. There was nothing to prevent her from driving west across the intersection and along Twenty-fifth street, except that her car was headed southwest. A car such as appellee was driving, when running twelve miles per hour, could be stopped in six or seven feet. Appellee purchased her car May 14, 1912. Prior to the purchase she had four weeks' experience in driving a car.

Appellant, in support of his motion, contends that

the facts found establish affirmatively that the accident was caused proximately by appellee's contribu-
1. tory negligence. It is not, and cannot consistently be, argued that the facts found acquit appellant of negligence. It must therefore be assumed in considering such motion that appellant was guilty of negligence as charged and as determined by the general verdict. There is no finding that appellee knew at the time when she saw appellant approaching that he was driving recklessly, if such were the case. It should therefore be assumed, if necessary to sustain the general verdict, that she acquired such knowledge when appellant's car had reached a point near appellee's car, thus creating an emergency involving a possible collision and consequently appellee's safety. When appellee's car was twenty feet from the east line of the intersection, appellant's car was 100 feet south of
2. its south line. As appellee was much closer to the intersection than appellant, and the record disclosing no ordinance or regulation to the contrary, appellee apparently had the right of way, and, in the absence of an indication that it was imprudent to do so, she was authorized to go forward. *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 474, 108 N. E. 234, 109 N. E. 353. She did go forward reduc-
3. ing her speed as, under ordinary circumstances, would be proper, considering that she was entering an intersection and that it was her purpose to turn to the south. It is true that under some circumstances it would have been her duty to stop her car rather than enter the intersection, as if the situation were such as to impress a reasonably prudent person that otherwise a collision would have been likely. The answers here, however, do not compel such a presumption. If the length of appellee's car be added to the breadth of appellant's, and the sum deducted from the width of the

street between curbs, the portion of the street available for clearance purposes is approximately ascertained. The car dimensions, however, are not found. Such available space was divided, a part being on the east side and a part on the west side, after appellee had entered the intersection. Appellee by proceeding increased the clearance on the side of the street to which appellant should have guided his car in passing, and it would therefore seem that she properly moved forward. Moreover, had appellee merely proceeded at a reduced speed, and had appellant continued at the alleged speed, by calculation it may be determined that a disastrous collision would have been probable. Apparently, therefore, she properly accelerated. It is a reasonable assumption under the answers to the interrogatories, aided by presumptions that must be indulged in view of the allegations of the complaint, that appellant's negligence gave rise to an emergency wherein appellee was compelled hastily to elect between appellant's car probably colliding with her car, and driving her own car towards the curb and pole. She chose the latter course. If her conduct under the circumstances and in view of the emergency was that of a person of ordinary prudence, she was not guilty of contributory negligence. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005; *McIntyre* v. *Orner* (1905), 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359, 8 Ann. Cas. 1087.

The facts found in answer to the interrogatories present a case properly for the jury on the issue of contributory negligence. The jury by the general verdict determined that issue in appellee's favor. The court did not err in overruling the motion.

Appellant challenges the sufficiency of the evidence. There was evidence to sustain the facts returned in answer to the interrogatories and other evidence in some

respects contradictory, however, to the following
6. effect: Appellant approached the intersection,
driving along or west of the center line of
the street, his speed being thirty-five to forty miles per
hour. He was approaching in a direct line towards
appellee's car as the latter was making the turn, where-
upon she accelerated and drove her car into the pole.
Appellant's car struck the rear part of the left rear
fender.of appellee's car, damaging it slightly. Appel-
lant's car came to a stop in the center of the street some
distance north of the intersection. There was evidence,
not accepted by the jury as true, however, that appel-
lant's car passed in front of appellee's car and in so
doing that it was guided to the west, and other evidence
that its course was not changed. The evidence is con-
clusive that appellant was driving very much faster
than appellee. Appellant, having stopped his car, re-
turned to the intersection, and stated that he was to
blame for the accident, and that he was driving too fast.
He complimented appellee for the manner in which she
handled her car, and commended the coolness which
she manifested in the occurrence. Appellant testified in
substance that the respective situations and courses of
the two cars were such as threatened an immediate and
a very serious collision, averted, however, by his act in
turning to the west and passing in front of appellee's
car. As we have said, however, there was other evi-
dence and the jury so found that appellant passed to
the rear of appellee's car. Considering only the evi-
dence favorable to that end, as the rule that obtains in
this court requires us to do, it is sufficient to sustain the
verdict.

Instruction No. 11 requested by appellant was re-
fused. It is to the effect that in the closely built up
sections of the city the lawful rate of speed was eight
miles per hour, and one-half the ordinary speed in mak-

ing the turn from one street to another and at intersections, and that, if the jury found from the evidence that the accident occurred in a closely built up section of the city, and that appellee violated the statute or ordinance regulating such speed, such violation was negligence, and if such violation proximately contributed to the accident, appellee could not recover, and that the verdict should be for the appellant.

Section 10465 Burns 1908, Acts 1907 p. 558, was in force at the time of the occurrence involved here. Its material part is in substance that no person should operate a motor vehicle in any public highway at any rate of speed greater than is reasonable and proper, and that in no event should it be operated at a greater rate of speed than eight miles per hour in the business or closely built up portions of any municipality, and that on approaching a crossing or intersecting highway, a motor vehicle should not be operated at a speed greater than is reasonable and proper. This statute has since been superseded by a later enactment. Acts 1913 p. 779, §10464 *et seq.* Burns 1914.

Section 7 of an ordinance of the city of Indianapolis, enacted in 1910, was read in evidence. It is as follows:

"No vehicle shall cross a main thoroughfare or make a turn at a speed rate exceeding one-half its regular speed."

Treating the ordinance as supplemental to the statute, we construe the term "regular speed," as used in the former, to mean a speed otherwise lawful. The effect of the ordinance then in its relation to this case was to render it unlawful to drive a motor vehicle across a main thoroughfare or in making a turn in the closely built up sections of Indianapolis at a greater rate of speed than four miles per hour. Returning to a consideration of the refused instruction, it was broad

enough in its terms to bring to the consideration of the jury two situations, the one of which merged immediately into the other. Portraying the first, there was evidence that appellee approached the intersection, driving at the rate of twelve miles per hour, and that on reaching the intersection she reduced the speed to eight miles per hour. These facts were also specifically found by the jury. She approached the intersection then at a speed exceeding the statutory rate, if the location was within a closely built up section of the city, and the jury so found. There was no direct evidence whether appellee traversed the intersection at a speed of eight miles per hour after entering it, and down to the point where she accelerated. She reduced her speed to eight miles per hour at the line of the intersection, but whether such speed continued, or whether she actually traveled to the center of Delaware street in excess of the ordinance rate, is left to inference. There was evidence then that appellee violated the statute approaching the intersection, but the jury was warranted in finding either way on the question of whether she violated the ordinance while traversing the intersection to the center of Delaware street. In

7. violating the statute she was guilty of negligence. If the jury found she violated the ordinance, she was guilty of negligence also in that respect. To that effect was the tendered instruction. *M. S. Huey Co.* v. *Johnston* (1904), 164 Ind. 489, 73 N. E. 996; *Pennsylvania Co.* v. *Horton* (1892), 132 Ind. 189, 31 N. E. 45; *Fox* v. *Barekman* (1912), 178 Ind. 572, 99 N. E. 989.

The instruction was further to the effect that if

8. appellee's negligence in violating the statute or ordinance contributed proximately to the injury, the verdict should be for appellant. While appellee was in the situation indicated, appellant was driving his car at an unlawful and negligent rate of speed in a direct

line toward her car. As we have said, the jury might have inferred from the evidence that appellee's car traversed the intersection in excess of the ordinance rate, and that it occupied its exact location by reason thereof. Had the jury so inferred, and had a collision occurred at that point, it would not have conclusively followed that appellee's violation of the ordinance contributed proximately to such collision, for the reason that the position of her car would not have been substantially different had she run within the ordinance rate. The situation and circumstances were such, however, as to render the question of proximate cause, in its relation to appellee's entire conduct, one of fact for the jury. The tendered instruction so treated it; and were no other situation involved, we should feel bound to hold that its refusal was error. There was, however, another situation. As we have said, appellee, in traversing the intersection to its center, 9. may or may not have violated the ordinance, and consequently may or may not have been guilty of negligence in that respect. As appellee reached the halfway point of the intersection, a collision was imminent. The witnesses agree on that question. Appellee thereupon accelerated and thereby barely averted a disastrous collision, but in so doing drove the car into the pole, and thus the injury was inflicted. Regardless of what may have been the view of the jury respecting appellee's speed as she traversed the intersection to the center of Delaware street, the evidence was sufficient to warrant a finding that, after accelerating, she exceeded the ordinance rate. The tendered instruction as applicable to such situation, being the situation that developed rapidly and immediately into the injury, would have required the jury to find that a speed provoked by such an emergency, if in excess of the ordinance rate, was negligence. As we have hereinbefore indi-

cated, to such a situation another principle is applicable: Where a person being without fault is brought face to face with an imminent peril occasioned by another's negligence, his conduct in the emergency in seeking to rescue himself from such peril must be measured by the standard of a person of ordinary prudence; that is, if appellee was placed in such position of imminent peril through no fault of her own, but by reason of appellant's negligence, and, as we have said, the jury would have been warranted in so finding, and if her conduct in accelerating her car was that of a person of ordinary prudence under the circumstances, she was not guilty of negligence in so doing, even though she exceeded the ordinance rate. In addition to authorities above cited, see the following: *City of Indianapolis* v. *Pell* (1916), 62 Ind App. 191, 111 N. E. 22; *Lake Shore, etc., R. Co.* v. *Myers* (1912), 52 Ind. App. 59, 98 N. E. 654, 100 N. E. 313; *Schultz* v. *State* (1911), 89 Neb. 34, 130 N. W. 972, 33 L. R. A. (N. S.) 403, Ann. Cas. 1912C 495; *Dickinson* v. *Erie R. Co.* (1910), 81 N. J. Law 464, 81 Atl. 104, 37 L. R. A. (N. S.) 150, 2 R. C. L. 1192; *LeMay* v. *Springfield Street R. Co.,* 37 L. R. A. (N. S.) 43, note; *Cloherty* v. *Griffiths* (1914), 82 Wash. 634, 144 Pac. 912; *Calahan* v. *Moll* (1915), 160 Wis. 523, 152 N. W. 179, L. R. A. 1916A 744, and note; *Sheffield* v. *Union Oil Co.* (1914), 82 Wash. 386, 144 Pac. 529.

In the case last cited, involving circumstances somewhat similar to those presented here, the court said: "It is true, we have said in a number of cases, and it is undoubtedly the law, that failure to observe the law of the road is negligence. But this rule must be applied in connection with the circumstances under which its observance is called for, and as applied to the facts of this case, we do not think that we can say, as a mat-

ter of law, that respondent's act was such as to preclude his recovery." We conclude that, under the circumstances of this case, the court did not err in refusing the tendered instruction.

We find no error in giving instructions complained of or in refusing other instructions tendered. Judgment affirmed.

NOTE.—Reported in 114 N. E. 241. Negligence: violation of statute or ordinance as contributory negligence, 4 Ann. Cas. 513; rights and duties of drivers of automobiles on highways, 108 Am. St. 215; law of the road at crossings, 1 Ann. Cas. 164. Trial: respective functions of court and jury with respect to question of proximate cause, Ann. Cas. 1913B 351.