[No. 3474. Aug. 25, 1930.]

MOZLEY v. RINEHART et al.

[291 Pac. 294.]

Robert H. LaFollette, of Albuquerque, for appellants.

Joseph Gill, of Albuquerque, for appellee.

OPINION OF THE COURT

CATRON, J.

From a judgment in appellee's favor for damages resulting from an automobile collision, this appeal is taken.

On April 7, 1928, appellee's automobile was being driven east on Coal avenue at the intersection of Eighth street in Albuquerque, N. M. His car approached Eighth street at a lawful rate of speed, less than twenty miles per hour. On approaching Eighth street the driver of appellee's car observed appellants' car coming from the left down Eighth street at a high rate of speed, greatly in excess of twenty miles per hour. Its speed was such that in putting on the brakes the wheels skidded, leaving rubber marks on the pavement for a distance of sixty feet. The driver of appellee's car, on perceiving an impending collision, accelerated the speed of his car to more than twenty miles per hour in order to avoid the collision, but to no avail. Appellants' car struck appellee's car, crashing it against the curb and rolling it over.

Appellants contend that the moment the driver of appellee's car exceeded the speed limit of twenty miles per hour, he became guilty of negligence per se and the same is the direct and proximate cause of the collision for which appellee cannot recover.

Appellee contends that an emergency was created by appellants' negligence in driving his car at a high rate of speed, and that the driver of appellee's car was placed in a perilous situation, and that his conduct in accelerating the speed of his car beyond twenty miles per hour was that of a prudent person done for the purpose of avoiding the collision, if possible.

Appellants have alleged several errors growing out of the findings and conclusions made by the court, and the requested findings refused by the court. In disposing of these it will only be necessary to consider the findings and conclusions made by the court, for if they be supported by substantial evidence and be correct in law, the court could not have done otherwise than refuse the requested findings.

The court's finding No. 3 is in reality a mixed finding of fact and conclusion of law. It is:

"That at the time of the collision the driver of plaintiff's automobile had the right of way and was driving in a skillful manner, so as to avoid the collision, and not exceeding twenty miles per hour when he saw defendants' car approaching at a high rate of speed, and in order to avoid the collision accelerated the speed of plaintiff's car, not to exceed twenty-three miles per hour, but was unable to avoid the accident;

"That an emergency was created by the defendants' negligence in driving his car at a high rate of speed, greatly exceeding twenty miles per hour, and that the driver of the plaintiff's car was placed in a perilous situation, and that his conduct in accelerating the speed of his car was that of a prudent person, under the circumstances."

The record discloses substantial evidence to support the foregoing findings, and as this court has repeatedly held, they will not be disturbed upon appeal.

It remains but to apply the law to the foregoing findings. Appellants are in error in their contention in assuming that the driver of appellee's car was guilty of negligence per se in accelerating the speed of his car in an endeavor to thereby avoid a collision. The court found or concluded that an emergency was created by the negligence of the driver of appellants' car at a high rate of speed, thereby placing the driver of appellee's car in a perilous position through no fault of his own. We apprehend the law to be well settled that under such circumstances an endeavor upon the part of the driver of appellee's car to avoid the impending collision, although such endeavor results in the violation of a traffic ordinance, does not make such driver guilty of negligence or contributory negligence and destroy the right of recovery. Mayer v. Mellette, 65 Ind. App. 54, 114 N. E. 241; City of Indianapolis v. Pell, 62 Ind. App. 191, 111 N. E. 22;

Calahan v. Moll, 160 Wis. 253, 152 N. W. 179, L. R. A. 1916A, 744; Pilgrim v. Brown, 168 Iowa, 177, 150 N. W. 1; Dickinson·v. Erie R. Co., 81 N. J. Law, 464, 81 A. 104, 37 L. R. A. (N. S.) 150; Lemay v. Springfield Street R. Co., 210 Mass. 63, 96 N. E. 79, 37 L. R. A. (N. S.) 43, and exhaustive notes; Rheinboldt v. Fuston, 34 N. M. 146, 278 P. 361, 362.

Finding no error, the judgment of the lower court will be affirmed and the cause remanded. It is so ordered.

WATSON and PARKER, JJ., concur.

BICKLEY, C. J., and SIMMS, J., did not participate.