201 P.2d 341

MILLER v. MARSH et al.

No. 5128.

Supreme Court of New Mexico.

Nov. 29, 1948.

Rehearing Denied Jan. 7, 1949.

Rodey, Dickason & Sloan, Frank M. Mims and Jackson G. Akin, all of Albuquerque, for appellants.

Adams & Chase, of Albuquerque, for appellee.

LUJAN, Justice.

This is action of damages to recover for personal injuries. The plaintiff (appellee) 20 years of age, while riding his motorcycle

at the intersection of Central Avenue and Wellesley Avenue in the City of Albuquerque, collided with a panel motor truck belonging to the defendant, H. A. Marsh, operated by his employee, William J. Carr, 'from which he sustained a severe skull fracture and brain injury. The case was tried to a jury, which returned a verdict in favor of the appellee in the sum of $15,000.00. A motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, was made and overruled. Judgment was entered upon the verdict, from which this appeal is prosecuted. The parties will hereafter be referred to as they appeared in the lower court.

· Central Avenue runs east and west and Wellesley Avenue north and south. The latter does not intersect Central Avenue straight across, but makes a jog at the intersection, so that the center line of South Wellesley Avenue is 7.5 feet east of the center line of north Wellesley. There is no button or other marker to denote the center of the intersection. East Central Avenue has six traffic lanes and is 68.12 feet wide from curb to curb. The first lane south of the center line is 11.15 feet wide, the middle lane is 9.75 feet wide, and the last lane next to the curb is 12.60 feet wide. It is part of U. S. Highway No. 66 and a "through street", which carries a large volume of traffic. There in no traffic light at the intersection but it is protected by a "stop" sign on Wellesley Avenue. Wellesley Avenue has two traffic lanes and is 32.40 feet wide from curb to curb. Both avenues are paved.

The defendants assign several errors which they argue under four separate points, to-wit: 1. Whether there is sufficient evidence of negligence to support the verdict. 2. Whether the evidence·requires the conclusion that the plaintiff was contributorily negligent. 3. Whether the court erred prejudically in admitting testimony objected to. 4. Whether the court erred in refusing the defendant a new trial.

· █ Under point one, defendants say: "We believe that there is sufficient evidence of negligence on the part of the defendant, Carr, to support the verdict and will therefore not argue that issue." It is apparent that defendants accept the rule that this court resolves all disputed facts in favor of appellee and views the evidence in the aspect most favorable to him, but contend and so arguing, the court should have directed a verdict in their favor because of the contributory negligence of the plaintiff.

Under point two, the defendants seriously urge that the evidence requires the conclusion that the plaintiff was guilty of contributory negligence and therefore could not recover. This contention is based upon the theory that the plaintiff was traveling at an excessive rate of speed in approaching the intersection, and upon the further contention that he had ample room to have

passed in front of the truck or could have turned to his right into Wellesley Avenue, and have thus avoided the collision.

An employee of the defendants, at the time was operating a 1934 Dodge panel truck, going north on Wellesley Avenue. He testified that upon arriving at Central Avenue, he stopped as directed by a "stop sign" and allowed the oncoming traffic to pass before entering the street. As he started entering Central Avenue he observed the motorcycle half a block away (165 feet). He held out his hand and proceeded into the intersection, intending to go west on Central Avenue, and as he did so he began cutting the corner to his left before reaching the center of the intersection. When he reached Lane No. 2 (middle lane) south of the intersection he again observed the motorcycle about 100 feet away coming towards him in Lane No. 3 south, which is the lane next to the center line, at about 40 miles per hour. He stopped his truck, completely blocking Lane No. 2, the front end of his truck extending approximately four feet into Lane No. 3, and the rear of his truck extending approximately two feet six inches into Lane No. 1.

Due to the injury to his brain, the plaintiff, at the time of trial was unable to remember anything that happened before the accident.

There was much testimony pro and con on the question of whether the plaintiff was violating the speed limit. But we find there is substantial testimony that he was not and we are required to accept this.

We do not weigh the testimony. The ultimate facts are questions for the jury to determine. The evidence in regard to speed was conflicting, at most only calculations were given, but it is sufficient to sustain the verdict of the jury that the plaintiff was not violating the speed limit. Whether the witnesses were actually correct as to the location of the truck at the time it stopped in all details would not prevent the jury from segregating the evidence and finding where the preponderance was.

It may be that the wiser course would have been for the plaintiff, if he had enough room, to have passed in front of the truck or to have turned into Wellesley Avenue; but he was not bound at his peril to adopt what later would have proved to be the better alternative, and whether or not he was guilty of negligence in veering to the right and going behind the truck in an attempt to avert the collision was not a question of law, but as before stated, a question of fact for the jury. Williams v. Haas, 52 N.M. 9, 189 P.2d 632; Seele v. Purcell, 45 N.M. 176, 113 P.2d 320.

One in great peril, when immediate action is necessary to avoid it, is not required to exercise all that presence of mind and carefulness required of a careful and prudent man under ordinary circumstances. Crocker v. Johnston, 43 N.M. 469, 92 P.2d

214. In such a situation the plaintiff was only required to endeavor to do in a prudent manner what seemed reasonable to him under the circumstances to avoid the collision after the discovery of his danger. Mozley v. Rinehart, 35 N.M. 164, 291 P. 294.

Under point three, the defendants contend that the court erred in the admission of certain evidence over their objection and exception. It was permissible for plaintiff to show, not only the physical facts, but the effect of such facts upon persons using the street. Defendants charged the plaintiff with contributory negligence. To meet that issue it was his privilege to show that he acted, under the circumstances, as an ordinarily prudent man would have acted under similar conditions. The testimony of the witness Dr. Andrews, who was driving his automobile approximately 120 feet in the rear of the motorcycle, and who saw the collision and observed the movements of the truck was, that if the truck had continued at the same rate of speed it entered Central Avenue, there would have been no accident. He was simply asked to state from his own observations whether or not the collision could have been avoided if the truck had continued its course. Plaintiff's attorney asked him: "Now, if the truck had continued at the same rate of speed that he was coming out of Wellesley Street, and if the motorcycle had continued at the same rate of speed that it was going, would

there have been a collision between the two vehicles?" to which he replied: "I believe that if the truck had continued at the same rate of speed, that there would have been no accident." Assuming that this was error, which we do not decide, it was harmless because it was merely the giving of the opinion of the witness on a matter which the physical facts rendered conclusive. This is obvious from the fact that the crash bar of the motorcycle caught on the rear bumper of the truck. Cf. Williams v. Dockwiller, 19 N.M. 623, 145 P. 475. The evidence shows, and the jury so found, that the negligence of the defendant Carr in cutting the corner and stopping his truck in line of traffic was the proximate cause of the collision. Dimock v. Lussier, 86 N.H. 54, 163 A. 500; Trant v. Upton, 159 Va. 355, 165 S.E. 404; MacLaren v. Bishop, 113 Conn. 312, 155 A. 210; Sullivan v. Union Electric Light & Power Company, 331 Mo. 1065, 56 S.W.2d 97.

The defendants further urge under this point that the plaintiff was also negligent in not yielding the right of way to the defendant Carr, inasmuch as he was entitled to it under Section 68-518, 1941 Compilation. Assuming, but not deciding, that the defendant Carr had the right of way, this did not absolve them from their liability for their negligence after Carr entered the intersection. It did not justify him in cutting the corner and stopping sud-

denly in the line of traffic, when in so doing he endangered the lives of others on the street. Hammond v. Emery-Bird-Thayer Dry Goods Company, Mo.Sup., 240 S.W. 170. In view of the rule of law that all men must exercise the degree of care in handling dangerous instrumentalities which a reasonably prudent man would exercise under the circumstances, and in view of the frequency and calamitous results of automobile collisions, defendant, Carr's legal right of way did not free them from his own negligence, if in exercising that right, he violates the law. Lein v. John Morrell & Co., 207 Iowa 1271, 244 N.W. 576.

Finally defendants urge that the court erred in overruling their motion for a new trial, which is based upon the misconduct of the plaintiff and members of the jury. The misconduct complained of was that the plaintiff was seen talking to several members of the jury who were seated on a bench outside the court room during a recess. It appears from the affidavits filed by Mr. Dickason and Mr. Mims, attorneys for the defendants, that such was the fact; it likewise appears from the affidavit filed by the court's bailiff, who was present and heard the entire conversation between the plaintiff and a member of the jury, that nothing whatever was said concerning the case then pending before the court.

The association knowingly of a juror with a party or with witnesses pending a trial always creates suspicion, should be avoided, and is disapproved by the courts. But, in the absence of a showing of prejudice, such conduct is not in all cases good ground for setting the verdict aside. Whether the showing here made would ordinarily require such, need not be determined, for the reason that the right to object must be held to have been waived. It appears from the attorneys' affidavits filed in support of the motion for a new trial that they observe the alleged misconduct at the time the judge was preparing his instructions and before the case was argued and submitted to the jury. The court's attention was not called to it until after the return of the verdict, when the motion for a new trial was filed. It is the well settled rule that a party having knowledge of misconduct of a juror or of the opposite party during the progress of the trial and before it has been submitted to the jury, must promptly call it to the attention of the court or it is waived. The rule proceeds upon the ground that a party ought not to be permitted, after discovering an act of misconduct which would entitle him to claim a mistrial, to remain silent and take his chances of a favorable verdict, and afterwards, if the verdict is against him, bring it forward as a ground for a new trial. A party cannot be permitted to sit by, after having knowledge

·of acts of this character and speculate upon the result, and complain only when the verdict becomes unsatisfactory to him. Basile v. Fath, 185 Wis. 646, 201 N.W. 247, 202 N.W. 367; Vanceburg Telephone Co. v. Bevis, 148 Ky. 285, 146 S.W. 420; Arkansas ·Cent. R. Co. v. Morgan, 129 Ark. 67, 195 S.W. 403, and Wolf v. Wolf, Tex. Civ.App., 269 S.W. 488.

The court did not err in overruling the motion.

Finding no error the judgment is affirmed. And it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.

On Motion for Rehearing

LUJAN, Justice.

Our opinion is challenged by motion for rehearing filed by the defendants (appellants). They claim we did not accurately state their contentions. In addition to what was said as to the theory of defendants, the opinion should have stated their further contention that plaintiff had ample room to pass behind the truck; or, that he could have slackened the speed of his motorcycle and have stopped it before colliding. Accordingly, the paragraph of our opinion dealing with the theory of the defendants, and objected to for the omission pointed out, will be amended to read as follows: "Under point two, the defendant urge that the evidence requires the conclusion that the plaintiff was guilty of contributory negligence and therefore could not recover. This contention is based upon the theory that the plaintiff was traveling at an excessive rate of speed in approaching the intersection, and upon the further contention that he had ample room to have passed either in front or behind the truck or could have turned to his right into Wellesley Avenue; or, that he could have slackened his speed and stopped his motorcycle, and have thus avoided the collision." Otherwise the opinion will stand as written.

The amendment made causes no change in the result. The issue of contributory negligence was resolved against defendants in all particulars by the jury and substantial evidence supports its findings.

The motion for a rehearing will be denied. And it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.