336 P.2d 1070

Eduardo OTERO, Margaret Chavez and Herman Chavez, Plaintiffs-Appellants,

v.

PHYSICIANS AND SURGEONS AMBULANCE SERVICE, INC., Defendant-Appellee.

No. 6488.

Supreme Court of New Mexico.

March 12, 1959.

Rehearing Denied April 9, 1959.

———————◆———————

Bingham & Klecan, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellee.

COMPTON, Justice.

These cases arose out of a collision of motor vehicles which occurred at the intersection of Second Street and Mountain Road in the City of Albuquerque.

Appellants, Eduardo Otero and Margaret Chavez, had been seriously injured previously in a collision at Second Street and Menaul, and while they were being rushed therefrom to the Bernalillo County Indian Hospital in appellee's ambulance driven by George M. Kayser, the ambulance itself was involved in a collision with an automobile driven by John B. McCain. McCain was driving north on Second Street and the ambulance was traveling east on Mountain Road. It is alleged that they sustained serious injuries as a result of the negligence of the ambulance driver. Appellant, Herman Chavez, sued for medical expenses and damages for the loss of the services of his wife.

There was a general denial of negligence. Appellee defended further on the ground that the injuries complained of were attributable solely to the first collision, and that the latter collision was unavoidable. At a trial before a jury, issues of fact were found for appellee. The appeal is to review the action of the court in the giving of instructions and the admission of certain evidence, allegedly erroneous.

Leaving the scene of the first accident, the ambulance driver turned onto Third Street, thence drove south until he reached Mountain Road. He then turned east, intending to cross Second Street, and it was at this intersection the accident involved here occurred. While the facts are not disputed, it is well to state that at Second Street and Mountain Road there is an overhead signal for the control of traffic of both streets, and that the driver of the ambulance was sounding his siren continuously and displaying emergency equipment in the form of flashing red lights from the time he turned east off of Third Street until the vehicles collided. The impact was about the center of the intersection. The front part of McCain's automobile hit the right side of the ambulance. As a result, the ambulance was turned onto its side in the northeast quadrant of the intersection.

Appellants challenge the correctness of the following instruction:

"You are instructed that under the evidence in this case the ambulance

was an authorized emergency vehicle under the ordinance of the City of Albuquerque. Should you find that the driver was operating the ambulance in an emergency situation, was giving an audible signal by siren and displaying a lighted red lamp visible for a distance of 500 feet to the front, then and in that event the city ordinance provides that the ambulance was entitled to certain exemptions and privileges as follows:

"1. The driver of the ambulance was entitled to proceed past a red stop signal, but only after slowing down as might have been necessary for safe operation;

"2. The driver of the ambulance was entitled to exceed the speed limits so long as he did not endanger life or property;

"3. It was the duty of all other drivers, upon the immediate approach of the ambulance to yield the right of way and immediately drive their cars as close as possible to the curb and clear of any intersection, and stop and remain in such position until the ambulance had passed.

"You are also instructed that if you find the driver of the ambulance was in the exercise of reasonable care, then he had the right to assume that other drivers would obey the City Ordinance as above set forth and that he had a further right to rely on that assumption.

"You are further instructed that the exemptions and privileges granted to any emergency vehicle are not absolute and do not protect a driver or his employer from the consequences of his reckless disregard for the safety of others using the streets of this city."

The point is made that the instruction did not inform the jury as to the standard of care required of the ambulance driver. The objectionable instruction is number 17, and error is obvious, but the appellants are in no position to complain. The parties were equally at fault in leading the court into error by submitting requested instructions. They seem to employ the same theory as if this action were one brought by an ordinary user of the highway against appellee. At appellants' request, the court instructed the jury as to the standard of care required of an ambulance driver as defined by §§ 64–15–5 and 64–18–31, 1953 Comp., and appellee countered by requesting the court to give the City Traffic Ordinance Instruction. Neither was proper; both injected false issues into the case. The standard of care

provided by the statute and the ordinance for the traveling public is not the standard of care owing by an ambulance driver to his passengers. In the latter case, proof of the failure to exercise due care or ordinary care is all that is required of a plaintiff, and the court elsewhere in the instructions given so informed the jury.

■ The testimony of the drivers was taken by deposition. Both claimed they had the right of way at the intersection. McCain testified that he did not hear the siren or see emergency warnings of any kind prior to the collision. The court thereupon permitted a police officer to testify as to a statement made by McCain shortly after the collision to the effect that as he approached the intersection the traffic light was green but it changed to "yellow" as he entered the intersection, and being unable to stop, he accelerated his vehicle to cross. It is argued that the statement was inadmissible because no proper foundation for its admission had been laid, citing § 20–2–2, 1953 Comp. The argument cannot be sustained. The policeman testified that the statement was made while he was investigating the accident at the scene and that McCain at the time appeared nervous, excited and upset. We conclude that the statement was admissible under the res gestae doctrine. State v. Godwin, 51 N.M. 65, 178 P.2d 584;

State v. Buck, 33 N.M. 334, 266 P. 917; Navajo Freight Lines v. Mahaffy, 10 Cir., 174 F.2d 305.

■ The last point raised relates to the giving of the following instruction:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to another is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary car in calmer and more deliberate moments. His duty is to exercise only the care than an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of after-events, it should appear that a different course would have been better and safer."

We find no fault with this instruction. The vehicles entered the intersection traveling from 20 to 30 miles per hour, with the ambulance having the right of way. The parties, thusly, were placed in imminent peril. There was no time for reflection

as to a better course to pursue. In this situation the instruction was proper. Scofield v. J. W. Jones Const. Co., 64 N.M. 319, 328 P.2d 389; Burkhart v. Corn, 59 N.M. 343, 284 P.2d 226; Mozley v. Rinehart, 35 N.M. 164, 291 P. 294.

In Seele v. Purcell, 45 N.M. 176, 113 P.2d 320, 322, we quoted approvingly from 42 C. J., Motor Vehicles, § 592, as follows:

"Acts in Emergencies. Where the operator of a motor vehicle is by a sudden emergency placed in a position of imminent peril to himself or to another, without sufficient time in which to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required of him under ordinary circumstances, and is not liable for injuries caused by his machine or precluded from recovering for injuries to himself or his machine if an accident occurs, even though a course of action other than that which he pursues might be more judicious, provided he exercises ordinary care in the stress of circumstances to avoid an accident." See also, 60 C.J.S. Motor Vehicles § 257.

The record is free of reversible error and the judgment should be sustained. It Is So Ordered.

LUJAN C. J., and SADLER, McGHEE and CARMODY, JJ., concur.