Ralph R. **SANCHEZ** and Marilyn B. Sanchez, Plaintiffs-Appellants,

v.

**SAFEWAY STORES, INC.,** and James Edward Garrison, Defendants-Appellees.

No. 71–1114.

United States Court of Appeals, Tenth Circuit.

Dec. 6, 1971.

Bill Chappell, Jr., Albuquerque, N. M. (Branch & Dickson, Albuquerque, N. M., on the brief), for plaintiffs-appellants.

Charles B. Larrabee, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on the brief), for defendants-appellees.

Before BREITENSTEIN, Mc-WILLIAMS, and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This diversity case arises out of a New Mexico automobile-truck collision. The jury returned a verdict for the defendants.

Plaintiff-appellant Sanchez, with his wife as a passenger, was driving north on a 2-lane highway and the truck of defendant-appellee Safeway was going south. Two horses ran onto the road from the east. The truck braked, hit the second horse, and then jackknifed into the northbound traffic lane. The tractor collided with plaintiffs' car.

The plaintiffs complain that the trial court erroneously refused to let them call an expert witness in rebuttal. They did not call the expert in their case in chief. They rested their case "subject to an appropriate rebuttal witness in the nature of an expert." The court said that the rebuttal would depend "on what the defense puts on, whether there's something to rebuttal (sic) or not."

The defendants did not call an expert. They read briefly from the depositions of the plaintiffs, who had testified on their own behalf, and called the truck driver who had appeared as an adverse witness during the plaintiffs' case. Several photographs of the damaged truck were introduced by the defense.

When the expert was called in rebuttal, the defendants objected saying that there was nothing new to rebut. The plaintiffs asserted that the photographs were new. The court ruled that the expert could rebut what was shown by the photographs, but not testify as to what he learned by an independent investigation.

 The broad discretion of the trial judge in the admission or exclusion of expert evidence will be sustained unless manifestly erroneous. Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313. It is within the discretion of the trial court to refuse or permit expert testimony on rebuttal. Friend v. Commissioner of Internal Revenue, 7 Cir., 102 F.2d 153, 155, and Casey v. Seas Shipping Co., Inc., 2 Cir., 178 F.2d 360, 362. We find no abuse of discretion. The plaintiffs failed to exercise the opportunity to call their expert during their case in chief, apparently for tactical reasons. The trial court permitted them to rebut what was new in the evidence of the defense. We find no manifest error or abuse of discretion.

 The plaintiffs object to the instruction on sudden emergency. For all pertinent purposes the instruction is verbatim with that approved by the New Mexico Supreme Court in Otero v. Physicians and Surgeons Ambulance Service, Inc., 65 N.M. 319, 336 P.2d 1070, 1072. There is no significant difference. The substitution in the last sentence of "might appear" for "should appear" was not called to the trial court's attention by any objection. The instruction applied to each driver. In our opinion, the instruction was required by the evidence and was properly given.

 The plaintiffs assert error in the giving of an instruction on unavoidable accident. The objection goes not to form or wording but rather to the impropriety of such an instruction in the modern negligence case. They rely on cases such as Miller v. Alvey, Inc., 246 Ind. 560, 207 N.E.2d 633, 636, and Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 504–506, which point out that liability is based on proximate cause and that injection of the concept of unavoidability confuses and misleads the jury. The answer is that the New Mexico courts have uniformly rejected the rationale of such cases. See Galle-gos v. McKee, 69 N.M. 443, 367 P.2d 934, 937, and Boyd v. Cleveland, 81 N.M. 732, 472 P.2d 995, 996–997. We are bound by the New Mexico law in this regard.

Affirmed.