Sharpley, Respondent, vs. City of Oconto, Appellant.

*February 5—March 5, 1918.*

*New trial: Improper argument to jury.*

In an action against a city for personal injuries caused by an obstruction on a sidewalk, an order of the trial court granting to plaintiff a new trial on the ground that defendant's counsel had been allowed to use and did use improper argument to the jury, is affirmed.

Appeal from an order of the circuit court for Oconto county: W. B. Quinlan, Circuit Judge. *Affirmed.*

The appeal is from an order granting a new trial.

The cause was submitted for the appellant on the brief of

*Frank P. Megan* of Oconto, and for the respondent on that of *Classon & Whitcomb* of Oconto.

Eschweiler, J.  By answers to appropriate questions of the special verdict the jury found that the defendant city was negligent in the care of one of its sidewalks, causing plaintiff's injury, and that the plaintiff himself, by his negligence, proximately contributed to the same injury.

There is evidence to support both of these findings, but not of such a nature that the court below could properly dispose of the case without the aid of a verdict.

During the argument to the jury the then but not present counsel for the city stated in substance "that if anybody else in the city of *Oconto* had fallen over the fountain base [being the obstruction on the sidewalk complained of] that they would have had them here to testify."  Plaintiff's counsel excepted to such statement and the objection was overruled. No reference to this matter was made by the court in his charge to the jury.

Upon plaintiff's motion the verdict was set aside and a new trial granted, costs to abide the event of the action, on the ground that the defendant's counsel was allowed to use and did use improper argument to the jury, but not specifying what such argument was.

It is frankly conceded by defendant's counsel that the above quoted statement made to the jury was improper in that testimony along the line so suggested could not have been properly received over objection.  If nothing more was said during the argument to the jury on this point than what appears in the record before us and that we have quoted, it might well have been held a nonprejudicial error, for as it stands it might be applicable to the question of defendant's, as well as of plaintiff's, negligence; but giving the required deference and weight that we must to the ruling of the court below and the natural inference that after such a ruling more argument on the same line was indulged in by ever-

zealous counsel, we cannot say that the determination by the trial court that a new trial was required lest injustice should be done can be reversed.

*By the Court.*—Order affirmed.