STATE, Plaintiff in error, vs. LAVANIAS, Defendant in error.

*October 18—November 11, 1924.*

*Homicide: New trial: Newly-discovered evidence: Because justice has not been done: Discretion of court.*

An order made under sec. 4719, Stats., setting aside a verdict and judgment in a prosecution for murder, and granting an application for a new trial based on the grounds of newly-discovered evidence and because justice had not been done, is deemed, under the facts shown (part of which are set forth in the opinion), to have been entirely justified, and is not disturbed.   p. 148.

ERROR to review an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge.  *Affirmed.*

On March 27, 1923, one Karmeris was killed and one Mastous was hit by shots from a revolver.  This occurred at Racine in a coffee house conducted by said Mastous.  The defendant, who was there at the time of the shooting, was shortly after arrested on the charge of murder, and in November was tried, convicted, and sentenced to the state penitentiary for life.  The deceased and the others present at the time were Greeks by birth.

Commencing in January, 1924, affidavits were obtained from time to time on behalf of the defendant as the basis of a motion for a new trial, and presented to the court, upon due notice, in March; the application being made on the ground of newly-discovered evidence and because justice had not been done.  Counter affidavits of said Mastous and one of the other trial witnesses were also submitted.

On June 17, 1924, the trial court made an order setting aside the verdict and judgment and ordering a new trial without terms or conditions.  Thereupon the State sued out this writ of error.

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Thorwald M. Beck,* district attorney of Racine county, and

*J. Allan Simpson* and *G. E. Smalley,* assistant district attorneys, and oral argument by *Mr. Beck.*

*O. L. O'Boyle* of Milwaukee, for the defendant in error.

ESCHWEILER, J.    On the trial all the witnesses other than defendant testified that the shooting was done by defendant. The latter swore that one Jim, a relative by marriage of the above mentioned Mastous, did the shooting.    There is no question but that said Jim was present and immediately thereafter disappeared, and there is testimony by some of the witnesses for the State of his there having a revolver.

By the affidavits on defendant's behalf for a new trial a showing was made, among other things, of the following:

That before the trial Mastous had told defendant's brother and another affiant that if Mastous were paid $3,000 as compensation for his injuries he would testify that Jim and not defendant did the shooting; that after the trial Mastous stated that defendant had been convicted because such payment had not been made and that if such payment were now made Mastous would exert his influence to obtain defendant's release; and that threats were made by Mastous of a similar fate to that of Karmeris, the deceased, for defendant's brother and the other affiant if the facts as to such offer were stated in court.    That on the trial one of the State's witnesses spoke of said Jim as "the murderer," but, as then interpreted, said designation was omitted.    That there had been former trouble between the relatives of Mastous and said Jim.

That after the trial two witnesses to the affair proffered a willingness to testify to the truth, viz.: that Jim, not defendant, did the shooting, conditional, however, upon the payment to each of $800, and that each had been present at the trial upon subpoena by the State but not called upon to testify.

Two affiants living at St. Paul, Minnesota, swore that just after the trial they overheard another of the State's

witnesses, in the presence of Mastous, express regret that he had testified falsely at the trial and say that it was Jim who did the shooting, and that Mastous again said that somebody had to pay for his injuries, that defendant's brother had the money and could have done so and the whole affair have been fixed.

Other facts were also presented, but we deem the situation presented upon the foregoing statement ample and entirely satisfactory grounds for the making of the discretionary order here presented for review.

This order was made under sec. 4719, Stats., which provides that in such criminal actions and within one year after trial a new trial may be granted, not only under circumstances in which by law a new trial may be granted under the accepted practice in civil cases, but also upon the broader ground that such relief may be given when it shall appear to the trial court that justice has not been done.

An examination of the record of the trial and the affidavits submitted to the trial court convinces us that the order was properly made and ought not and will not be disturbed.

*By the Court.*—Order affirmed.