BASILE, by guardian *ad litem*, Respondent, vs. FATH and another, Appellants.

*November 13, 1924—February 10, 1925.*

*New trial: Grounds: Improper argument to jury: Discretion of court: Failure to impose costs: Presumption.*

1. Counsel may not remain silent while objectionable argument or remarks are made to the jury by opposing counsel, and, after verdict, urge the improper remarks as ground for a new trial, as a new trial, in such situations, will be granted only in cases where the trial court improperly refused to sustain objections to the method of argument or counsel has persisted therein notwithstanding admonitions of the court. p. 650.

*On rehearing:*

2. If the court does not impose costs as a condition of granting a new trial, it will be presumed that it was granted because of error committed in the conduct of the trial as distinguished from an exercise of judicial discretion.   p. 653.

APPEAL from an order of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed, with directions.*

The infant plaintiff sought to recover damages from having been injured by defendants' automobile at the intersection of Jackson street, running north and south, and Pleasant street, squarely crossing it, in the city of Milwaukee.

Plaintiff's contention was that defendants' automobile, coming from the south on Jackson, turned west on to Pleasant street by cutting across near the southwest corner rather than going around the center of the intersection.   There is no dispute but that after the collision the plaintiff was picked up about three feet from the northwest curb.  By special verdict the jury negatived plaintiff's contention as to the place of the collision by finding that it did not occur at the southwest corner; found that the driver was not negligent as to

speed or in the management and operation of the automobile; that there was no contributory negligence by plaintiff; and assessed damages at $1,000.

Defendants moved for judgment on the verdict. The plaintiff moved that certain answers of the jury in the special verdict be changed from "No" to "Yes," and then for judgment in plaintiff's favor; for judgment notwithstanding the verdict; that in the event of both of such requests being denied, for a new trial because the verdict was perverse and the result of prejudice and bias; and lastly, for a new trial for the reason that defendants' counsel, during the trial and in the argument to the jury, improperly and wrongfully injected into the cause matters outside of the record and unreasonably and unfairly assaulted the character and reputation of plaintiff's counsel and otherwise committed improper acts and conduct before the court and in the argument to the jury.

The trial court held that defendants' counsel had passed far beyond the bounds of proper argument by applying abusive and opprobrious terms to plaintiff's counsel. He therefore ordered that the verdict be set aside and a new trial granted.

Defendants then moved the court to set aside such order upon the ground that there was no power in the trial court to grant such relief because of there having been no objections made, rulings had, and exceptions taken at the time of such argument.

The trial court then denied such motion to vacate the preceding order and again directed a new trial. From such orders defendants appeal.

*Dale C. Shockley* of Milwaukee, for the appellants.

For the respondent there was a brief by *Padway, Skolnik & Winnecour,* attorneys, and *Joseph A. Padway,* of counsel, all of Milwaukee, and oral argument by *Joseph A. Padway.*

Basile v. Fath, 185 Wis. 646.

The following opinion was filed December 9, 1924:

ESCHWEILER, J.    Upon the special verdict as answered by the jury a judgment in favor of defendants dismissing the action upon the merits would have necessarily followed. The trial court, however, because he believed that the use of abusive language towards plaintiff's counsel by defendants' counsel in the argument to the jury might have had an effect upon the jury and that therefore the plaintiff did not have the fair and impartial trial to which she was entitled, ruled that it was his duty, in the furtherance of justice, to grant a new trial.

Plaintiff's counsel arranged with the court reporter to have the argument of defendants' counsel to the jury taken down.   In the preparation for this appeal, at the request of the plaintiff and over defendants' objection, the trial court made a part of the bill of exceptions certain portions of the argument of defendants' counsel to the jury so taken down, and in that manner the language so used is here presented.
. No objections were interposed by plaintiff's counsel to the remarks during the argument; no request for a ruling by the court as to the right of defendants' counsel to so address the jury, or to the propriety of such remarks; and no request made that the court should charge the jury as to such alleged impropriety or abuse of counsel's right of argument.    The trial court did not of its own motion, at the time of making such remarks or at any time before rendition of the verdict, admonish or censure counsel therefor or intimate to the jury that such remarks were improper and should have no weight in their deliberations.    The bill of exceptions discloses that a number of objections were made and rulings requested by respective counsel on both sides to other remarks of opposing counsel during the arguments, and rulings then made.

Sec. 2878, Stats., provides that the trial judge may, in his discretion, entertain a motion to be made on his minutes, to

set aside the verdict and grant a new trial upon exceptions or because the verdict is contrary to evidence, or for excessive or inadequate damages. It further provides for a time within which such motion, if heard upon the minutes, must be made and heard.

The trial court's disposition of this matter recognized that the relief here granted on account of the improper remarks of counsel did not come within any of the express provisions of said section. The granting of the new trial is sought to be justified upon the ground that the inherent power rests in the trial judge of a *nisi prius* court in this state, independent of such statute, to set aside a verdict and grant a new trial whenever such judge is satisfied that justice has not been done.

Because of the conclusion that we reach in this case upon other grounds we do not decide whether or not the foregoing proposition is a correct statement of the law. It should not be overlooked, however, that in the statutes regulating the trial procedure of criminal cases, and as now found in sec. 4719, Stats., it is expressly provided by language that has constantly appeared since the enactment of sec. 6, ch. 149, R. S. 1849, that in such cases a new trial may be granted "for any cause for which by law a new trial may be granted, *or when it shall appear to the court that justice has not been done. . . .*"

This distinction between the statutory language concerning new trials in civil actions under sec. 2878, *supra,* and those in criminal actions, sec. 4719, *supra,* was spoken of in the recent decision of *State v. Lavanias, ante,* p. 146, 200 N. W. 672, decided, however, after the ruling by the trial court in the instant case had been made.

From the very beginning, the necessity and propriety of raising questions such as are here presented during the conduct of a trial and in arguments to the jury by proper and timely objections, so that the trial court is called upon to then and there rule upon such conduct or argument, and the

preserving of the rights of a party unsuccessfully objecting, by appropriate exceptions to such ruling, has been firmly established as a part of our procedure for the trial of civil cases both by statute and repeated decisions.   Sec. 174, ch. 120, Laws of 1856, part of an act to simplify and abridge the practice, pleadings, and proceedings of the courts in this state, used the precise language found in the present statute, sec. 2878, *supra,* namely, "a motion to be made on his minutes, to set aside a verdict and grant a new trial *upon exceptions."*

Such course of objecting to improper remarks so that an immediate ruling by the court and the admonishing of counsel may avoid injurious consequences therefrom has been the procedure in the cases heretofore passing upon such situations.   It is only in cases where the trial court improperly refused to sustain such objections, or where counsel, after having been ruled against and admonished by the trial court, has nevertheless persisted in objectionable conduct or methods of argument, that this court has held new trials should have been granted.

*Caryl v. Buchmann,* 177 Wis. 241, 244, 187 N. W. 993, held that arguments of counsel are no part of the record, and unless the objections and rulings thereon are incorporated in the bill of exceptions they will not be considered. In *Kausch v. C. & M. E. R. Co.* 173 Wis. 220, 224, 180 N. W. 808, an examination of the printed case discloses that objections were made and rulings had.   In *Sharpley v. Oconto,* 167 Wis. 61, 62, 166 N. W. 789, the objection was interposed but erroneously overruled, and the granting of a new trial by the trial court was here sustained.   In *Kersten v. Weichman,* 135 Wis. 1, 114 N. W. 499, no objection was taken to the remarks or ruling had, and consideration of such remarks was denied.   In *Meyer v. M. E. R. & L. Co.* 116 Wis. 336, 343, 93 N. W. 6, the same ruling was made. In *Andrews v. U. S. Cas. Co.* 154 Wis. 82, 91, 142 N. W.

487, there were objections interposed and persistence in the objectionable language after adverse rulings. In *Rudiger v. C., St. P., M. & O. R. Co.* 101 Wis. 292, 297, 77 N. W. 169, as there stated, "numerous exceptions" were taken to the line of argument persisted in by counsel notwithstanding. In *Andrews v. C., M. & St. P. R. Co.* 96 Wis. 348, 361, 71 N. W. 372, the same appeared, and it was declared (p. 362) to be the duty of the trial court at once and plainly to direct the jury to disregard objectionable remarks. This latter suggestion is again emphasized in the case of *Rueping v. C. & N. W. R. Co.* 116 Wis. 625, 635, 93 N. W. 843, wherein the late General Bragg displayed his wonderful powers over the English language and the jury. In *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 382, 394, 80 N. W. 467, the offending counsel, objection being made, withdrew his remarks and the court admonished the jury not to consider them. In *Pelton v. Spider Lake S. & L. Co.* 132 Wis. 219, 231, 112 N. W. 29, it was held that a prejudicial remark of even the trial court must be excepted to in order to be available as harmful error.

We deem it established and proper procedure in this state, by the regulations of sec. 2878, *supra,* and former decisions, that counsel cannot sit in silence while being made the subject of abuse and vituperation by opposing counsel and speculate by their silence on the very reasonable theory that the violence will have a boomerang effect; or rely upon the opportunity thereby offered of either replying in kind or the far more effective method of repaying the adversary by gentleness, thereby, as was said by one quite a warrior himself in his younger days, "for in so doing thou shalt heap coals of fire on his head."

But counsel having remained silent when he could or should have spoken on such a matter so clearly requiring immediate action by the court, ought not to be permitted after verdict against him to try again.

We are therefore convinced that in this case the trial court was not warranted in setting the verdict aside and granting a new trial.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment for the defendant upon the verdict dismissing the complaint upon the merits.

The respondent moved for a rehearing.

In support of the motion there was a brief by *Padway, Skolnik & Winnecour,* attorneys, and *Joseph A. Padway,* of counsel, all of Milwaukee.

In opposition thereto there was a brief by *Dale C. Shockley,* attorney, and *Paul H. Paulsen,* of counsel, both of Milwaukee.

The following opinion was filed February 10, 1925:

Per Curiam.    It is urged by respondent on the motion for rehearing that the present decision in effect determines that the circuit court may not, in the furtherance of justice and in his discretion, grant a new trial. Such proposition, however, is not so determined in this case in the record here.

Several motions were interposed after verdict by the respective parties, as recited in the statement of facts, and included among others by plaintiff requests for a new trial because the verdict was perverse and the result of prejudice and bias and because of the improper argument to the jury.

The only matter discussed in the written decision by the trial judge upon such motions was the subject matter of the improper remarks, and the granting of the new trial had no other ground or reason assigned for it than that. No costs were imposed by the trial court as a condition for the granting of the new trial. On the subsequent application in the nature of an attempted rehearing, costs of such motion and none other were allowed.

Under repeated decisions of this court we must indulge in

State ex rel. Mellen v. Teachers' A. & R. F. Trustees, 185 Wis. 653.

the presumption at least, from the failure to impose costs as a condition of the granting of a new trial, that the allowance of such was for that which is properly considered within the designation of an error occurring in the conduct of a trial as distinguished from any attempted exercise of judicial discretion. *Siegl v. Watson,* 181 Wis. 619, 627, 195 N. W. 867; *Smith v. Taylor-Button Co.* 179 Wis. 232, 234, 190 N. W. 999; *John v. Pierce,* 176 Wis. 220, 222, 186 N. W. 600; *Lange v. Olson, post,* p. 657, 202 N. W. 361, and *Simpson v. Waukesha Co., post,* p. 662, 202 N. W. 366.

The presumption thus arising, that the granting of the new trial was for error as distinguished from one in the exercise of the discretionary power of the court, is made conclusive from the record here showing that the court did not dispose of the matter upon any of the many other grounds asserted by the plaintiff, but was, as clearly appears from all that was said and done by the trial court, because of that which was presented as a separate ground for such relief, namely, the argument of defendants' counsel.

The motion for rehearing is denied, with $25 costs.