HUBBARD, Appellant, v. MATHIS and others, Respondents.

*No. 132.   Argued November 29, 1971.—Decided January 4, 1972.*
(Also reported in 193 N. W. 2d 15.)

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg* and oral argument by *Jerome F. Pogodzinski,* all of Milwaukee.

For the respondents there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Donald R. Peterson* of counsel, all of Milwaukee, and oral argument by *Donald R. Peterson.*

HALLOWS, C. J.  We have said many times that to raise a question on appeal as a matter of right, it must be properly preserved. Improper remarks in closing arguments cannot be a basis for a motion for a new trial or a basis for an appeal to this court if no timely objection to the argument was made. *Basile v. Fath* (1925), 185 Wis. 646, 649, 650, 201 N. W. 247, 202 N. W. 367; *Zimmerman v. Dornbrook* (1959), 6 Wis. 2d 567, 575, 576, 95 N. W. 2d 390. The time to object to an improper argument to the jury is at the time it is made or at the very latest before the jury returns its verdict. *See Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 256, 137 N. W. 2d 6.

Hubbard has waived his right to raise this issue because of his failure to make timely objection as a basis for a motion for a new trial. We do not consider this appeal raises a question of such merit or importance that this court should exercise its discretionary powers to discuss and decide the merits of the issue. Such action would not make any substantial contribution to the law of this state.

*By the Court.*—Judgment affirmed.