STATE, Respondent, v. MCCLANAHAN, Appellant.

*No. State 216. Argued March 30, 1972.—Decided May 4, 1972.*
(Also reported in 196 N. W. 2d 700.)

752

The cause was submitted for the appellant on the brief of *Willard Douglas McClanahan* of Waupun, pro se, and for the respondent on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HANLEY, J. The appeal raises the following issues:

(1) Was it error to convict defendant of aiding and abetting the commission of a crime when the information referred only to the crime itself;

(2) Was the evidence sufficient to support the finding of guilt;

(3) Did the trial court lose jurisdiction over defendant by postponing the imposition of sentence; and

(4) Is defendant entitled to a reduction of sentence?

## *Aiding and abetting.*

Defendant contends that he was denied due process in that he was charged with taking and operating a motor vehicle without the owner's consent, but was actually convicted of aiding and abetting the commission of that crime under secs. 939.05 (1) and (2) (b), Stats.:

"939.05 **Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

". . .

"(b) Intentionally aids and abets the commission of it."

This court has commended the practice of referring to sec. 939.05, Stats., whenever the prosecutor recognizes that the evidence will support a conviction only as party

to the crime charged. *La Vigne v. State* (1966), 32 Wis. 2d 190, 195, 145 N. W. 2d 175. However, the practice commended in *La Vigne* is not mandatory, for, in the absence of circumstances showing a detrimental effect on the defendant, the failure to charge under sec. 939.05 is harmless error. *Bethards v. State* (1970), 45 Wis. 2d 606, 618, 173 N. W. 2d 634. We find no prejudice disclosed by the record. Consequently, this contention is without merit.

### *Sufficiency of evidence.*

Defendant contends that the evidence is insufficient to sustain the trial court's finding of guilt. The claim is that, aside from Sandra Jensen's unsupported testimony, there was no proof that she owned the car which was allegedly taken by defendant and Wyman. Defendant asserts that this violates the "best-evidence" rule, contending that the state should have produced documentary evidence of title to the vehicle. This assertion was not properly preserved, since no objection to the testimony was made at trial. It should not be considered for the first time on appeal. *Hubbard v. Mathis* (1972), 53 Wis. 2d 306, 307, 193 N. W. 2d 15.

It is also claimed that the record does not show that Mrs. Jensen was confined against her will or that the car was taken without her consent. However, the record clearly shows that Mrs. Jensen gave no one permission to take her car. Moreover, it is unreasonable to believe that Mrs. Jensen willingly consented to drive defendant and Wyman to her home, to hand over her car keys and to be tied up in her bedroom. The only reasonable inference which can be drawn is that she submitted to defendant's demands only because he was armed and presumably dangerous. Finally, defendant contends that there is no evidence that he took the car. Although Mrs. Jensen testified that she did not actually see defendant

drive away in the car, she did say that she gave the car keys to defendant and that the car was gone shortly after defendant and Wyman left the house. The only reasonable inference to be drawn from this evidence is that defendant and Wyman took the car to effect their getaway. This inference is bolstered by the fact that defendant was on crutches and probably could not have traveled far on foot. We think there is ample credible evidence to support the finding of guilt.

### Postponement of sentencing.

The trial court, with defendant's approval, adjourned the proceedings for approximately ten days in order to determine whether charges pending against defendant in other counties could be consolidated. Consolidation of charges was not accomplished, and defendant was sentenced on August 6, 1971. He now contends that the court lost jurisdiction between the time of his conviction and the time of sentencing. This contention is without merit. Sec. 972.13 (2), Stats., specifically provides that:

". . . The court may adjourn the case from time to time for the purpose of pronouncing sentence."

Deferring execution or imposition of sentence in order to attempt a consolidation of other matters is neither prohibited by statute nor an abuse of discretion. *Weston v. State* (1965), 28 Wis. 2d 136, 147, 135 N. W. 2d 820.

### Propriety of sentence.

Defendant claims he is entitled to a modification of his sentence for two reasons: First, he claims that the trial court sentenced him for refusing to reveal the name of the person who supplied the gun which was used in the escape from University Hospitals. This claim is

based on the fact that the trial judge questioned the defendant about the manner in which he obtained the gun. We think the questioning relative to the means by which the defendant obtained the gun was proper, since it tended to reveal defendant's attitude, which is a proper consideration for the trial court when imposing sentence. *State v. Schilz* (1971), 50 Wis. 2d 395, 403, 404, 184 N. W. 2d 134.

Next, defendant contends that the sentences imposed were discriminatory and excessive, inasmuch as he received a substantially greater sentence than did Wyman, his partner in these crimes. This court has frequently stated that a disparity in sentences does not, in and of itself, constitute a violation of due process or equal protection. *Price v. State* (1967), 37 Wis. 2d 117, 137, 154 N. W. 2d 222; *McCleary v. State* (1971), 49 Wis. 2d 263, 271, 272, 182 N. W. 2d 512. We are satisfied that no abuse of discretion appears in this case. The trial court was aware of defendant's extensive record and was concerned about the use of firearms in both this case and in an armed robbery for which defendant was convicted earlier. This, coupled with defendant's defiant attitude, as disclosed by the record, supports the trial court's decision to impose the maximum sentence. Defendant was properly convicted and appropriately sentenced; and his contentions are without merit.

*By the Court.*—Judgment affirmed.